285 So.2d 689 (1973)
PRUDENTIAL INSURANCE COMPANY OF AMERICA, a Corporation, Appellant,
v.
Reginald RHODRIQUEZ, Appellee.
No. 73-241.
District Court of Appeal of Florida, Third District.
November 27, 1973.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, and Clifford B. Wentworth, Miami, for appellant.
Gus Efthimiou, Jr., Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Plaintiff-appellant seeks review of an adverse final summary judgment entered in favor of defendant-appellee in an action to cancel and rescind certain insurance policies.
On June 11, 1969, plaintiff-appellant, Prudential Insurance Company of America, issued an Income Protection Policy and a Life Insurance Policy, effective as of that date. Both policies contained the following two (2) year contestability clauses:
"H 50 316954

"Incontestable: (a) After this Policy has been in force for a period of two years during the lifetime of the Insured (excluding any period during which the Insured is disabled), it shall be incontestable as to the statements contained in the application.
"(b) No claim for loss incurred or total disability (as defined in the Policy) commencing after two years from the Effective Date of this Policy shall be reduced or denied on the ground that a disease or physical condition not excluded from coverage by name or specific description effective on the date of loss had existed prior to the effective date of coverage of this Policy.
"D45 436738

"Incontestability.  This policy will be incontestable, except for non-payment of premium, after it has been in force during the lifetime of the insured for two years from the date of issue."
On June 11, 1971 plaintiff insurance company filed a complaint seeking cancellation and rescission of the policies on the grounds that defendant in the policy applications had made numerous misrepresentations as to his health and medical history and had plaintiff insurer known the true facts, it would not have issued the policies. Thereafter, plaintiff-appellant moved for summary judgment. A hearing was held thereon, after which the court on October 4, 1972 entered its order denying the motion on the grounds that plaintiff had not filed its suit within the two (2) year contestability *690 period. On January 30, 1973 the court entered final summary judgment in favor of defendant and found that plaintiff was not entitled to cancel or rescind the insurance policies because they became incontestable on June 11, 1971, the date the suit was filed.
Appellant contends that the court below erred in holding that it was not entitled to bring this action on June 11, 1971. We cannot agree.
In support of the above contention, appellant argues that the general rule in Florida is that in computing time periods the first day is excluded and the last day is included and cites the Florida Rules of Civil Procedure.
The fallacy in appellant's reasoning is that in the case sub judice the nature of our concern is not with a rule of procedure, a Florida Statute, or even an ordinary contract, but rather with the incontestability clause of an insurance contract which the courts are ever ready to construe, if possible, in favor of the insured. See Prudential Insurance Company of America v. Prescott, 130 Fla. 11, 176 So. 875 (1937).
From a reading of the incontestability clauses, it is clear that after the policies are in effect for two years they would become incontestable. The policies were in effect as of June 11, 1969, and June 10, 1971 was the last day upon which the appellant could contest them.
In addition, we find as controlling precedent for the case at bar Prudential Insurance v. Prescott, supra, wherein the Florida Supreme Court in effect held that the last day an insurer could contest an insurance policy, which was issued by it on October 5, 1931 and which contained a one (1) year incontestability clause, was October 4, 1932.
Thus, we hold the chancellor to be eminently correct in finding that plaintiff-appellant is not entitled to cancel or rescind the insurance policies which are the subject of this action because the policies became incontestable on June 11, 1971, the date the suit was filed and thereupon granting summary judgment in favor of defendant-appellee.
Accordingly, the judgment of the court below must be and hereby is affirmed.
Affirmed.