508 A.2d 137

The EQUITABLE LIFE ASSURANCE SOCIETY OF
the UNITED STATES

v.

Edward JALOWSKY et ux.

No. 114, Sept. Term, 1985.

Court of Appeals of Maryland.

May 8, 1986.

Barrett W. Freedlander (Niles, Barton & Wilmer, on brief), Baltimore, for appellant.

I. Elliott Goldberg (David A. Bowers, on brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY, COUCH and McAULIFFE, JJ.

MURPHY, Chief Judge.

We must here determine, in light of two Maryland statutes, the proper method for computing the commencement date of a two-year period delineated in the incontestability provision of a life insurance policy.

Maryland Code (1957, 1979 Repl.Vol.) Art. 48A, § 390 of the Insurance Code mandates that a life insurance policy "shall be incontestable, except for nonpayment of premiums, after it has been in force during the lifetime of the insured for a period of two (2) years from its date of issue." Code (1957, 1985 Repl.Vol.) Art. 94, § 2, relating to time computations, provides:

"In computing any period of time prescribed or allowed by any applicable statute, the day of the act, event, or default, after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included unless: (1) It is a Sunday or a legal holiday, in which event the period runs until the end of the next day, which is neither a Sunday or a holiday; or, (2) the act to be done is the filing of some paper in court and the office of the clerk of said court on said last day of the period is not open, or is closed for a part of a day, in which event, the period runs until the end of the next day which is neither a Sunday, Saturday, a legal holiday, or a day on which the said office is not open the entire day during ordinary business hours."

## I.

On April 16, 1981, Dr. David Jalowsky completed an application for life insurance with The Equitable Life Assurance Society of the United States (Equitable). Edward and Fay Jalowsky, his parents, were designated as beneficiaries.

Dr. Jalowsky indicated in his insurance application that he had never been treated for cancer and that he had not consulted a physician over the preceding five years. These representations were false as Dr. Jalowsky was undergoing treatment for Hodgkin's Disease, a form of cancer, at the time he completed the application. Moreover, in March of 1981, the month prior to his application, the insured underwent a supraclavicular node biopsy, a laparotomy, a splenectomy and iliac biopsies.

The insurance policy contained the following incontestability clause:

"INCONTESTABILITY. All statements made in the application are representations and not warranties. We have the right to contest the validity of this policy based on material misstatements made in the application. However, this policy will become incontestable after it has been in effect during the lifetime of the Insured for two years from the Date of Issue shown on page 3."

April 16, 1981 was the date upon which the policy was issued. Dr. Jalowsky died on April 16, 1983.

The Jalowskys filed a claim for the policy proceeds which Equitable rejected because of the insured's misrepresentations as to the state of his health. Thereafter, the beneficiaries instituted suit in the Circuit Court for Baltimore County to recover the policy proceeds. Cross-motions for summary judgment were filed on the issue of the calculation of the two-year period in the incontestability clause. The court (Cicone, J.) ruled that the life insurance policy was in effect on April 16, 1981 and as that day was included in the calculation of the two-year incontestability period, the beneficiaries were entitled to recover. The court held that Art. 94, § 2 could not override a provision in an insurance contract, especially in light of the provisions of Art. 48A, § 390, measuring the two-year incontestability period from the day of the policy's issuance. On appeal, the intermediate appellate court affirmed, placing reliance upon our decision in *Holtze v. Equitable Life Assurance*, 276 Md.

681, 351 A.2d 139 (1976). We granted certiorari to consider the important issue raised in the case.

## II.

Equitable contends that § 2 of Art. 94 is applicable in this case and operates to exclude April 16, 1981, the date of issue of the policy, and include April 16, 1983, the date of the insured's death, which was within the period of contestability. Pursuant to the statutory language of Art. 94, § 2, Equitable asserts that the two-year incontestability clause is "prescribed by statute" (Art. 48A, § 390) and consequently the date of issue is a day or event under § 2 which is "not to be included" in the time computation. Conversely, the Jalowskys posit that Art. 94, § 2 is simply inapplicable in this case and that Art. 48A, § 390 is the controlling statute. Under this view, the two-year period, during which the policy was subject to contest, commenced on April 16, 1981 and concluded on April 15, 1983, one day prior to the death of the insured. The Jalowskys rely, as did the intermediate appellate court, upon *Holtze v. Equitable Life Assurance, supra,* as precedent for this position.

## III.

*Holtze* concerned the timing of an incontestability clause in a life insurance policy and required a determination as to which of two dates triggered the two-year period. Procedurally, *Holtze* originated in the federal district court and reached us *vis-a-vis* two certified questions, to wit:

"(i) What items in the record [of this case] constitute the 'written instrument in which the contract is set forth' for purposes of Code [ (1957, 1972 Repl.Vol.) Art. 48A, § 364]?

(ii) What was the 'date of issue' of the involved policy (*i.e.,* the 'written instrument in which the contract of insurance is set forth') for purposes of Code [ (1957, 1972 Repl.Vol.) Art. 48A, § 390]?"

276 Md. at 682–83, 351 A.2d 139.

The incontestability clause in *Holtze* provided that the policy would be incontestable, "except for non-payment of premiums, after it [had] been in force during the lifetime of the Insured for two years from the Date of Issue shown on page three." Page three reflected November 28, 1969 as the date of issue. The conditional premium receipt was dated October 24, 1969 and the first premium was paid on that date. The insured died on November 19, 1971. When the insured's beneficiary attempted to collect the policy proceeds, the insurer rejected the claim on the basis of misrepresentation regarding the medical history contained in Holtze's application. The insurer contended that Holtze died within two years of November 28, 1969—the date reflected in the policy—and, hence, it had the right to contest the policy. The beneficiary maintained that the death did not occur within two years of October 24, 1969— the date of the conditional receipt—and therefore the policy was incontestable.

We held that the date of issue was the date of the conditional receipt. We stated:

"On the facts before us, we hold that (1) the conditional receipt, together with Parts I and II of the application, are part of the 'written instrument in which the contract is set forth,' (2) 'the date of issue' of 'the written instrument in which the contract of insurance is set forth' was October 24, 1969, and that the two-year period of contestability commenced to run on that date." *Id.* at 688–89, 351 A.2d 139.

The Jalowskys conclude that *Holtze* is a flat holding that the date of issuance is included when computing the two-year period of contestability. We think this reading is overbroad. A review of our opinion in *Holtze* and the briefs filed by the parties indicate that the applicability of Art. 94, § 2 was not before the Court. Hence, we did not conclude in *Holtze* that, notwithstanding Art. 94, § 2, the day upon which the policy was issued commenced the running of the incontestability period.

### III.

It is the general common law rule that when time is to be computed from a particular day, act or event, the designated first day is excluded and the last day of the period is included. 6 G. Couch, *Cyclopedia of Insurance Law* § 31:24, at 40 (2d ed. 1985). Early on, our predecessors observed that "the tendency of modern cases is to exclude the day of the act or event, unless for a special reason, it may be necessary to include it." *Calvert v. Williams*, 34 Md. 672, 674 (1871). Statutes governing time computations, which call for exclusion of the first day and the inclusion of the last, are essentially codifications of the general common law rule.[1] Couch, *supra*, § 31:24, at 40. Article 94, § 2, which was originally enacted as ch. 522 of the Acts of 1941, is thus a codification of the common law rule. Its purpose, as described in the Act's title, was to establish "a *uniform* method of computing any period of time prescribed or allowed by the rules of any court, or by order of Court, or by any applicable statute." (Emphasis supplied.)

Article 48A, § 390 was initially enacted by ch. 19 of the Acts of 1956, fifteen years after the Legislature codified its policy for the uniform computation of time "prescribed or allowed by any applicable statute." Art. 94, § 2. Section 390 of Art. 48A specifically provides that an insurance company cannot in any way protest the payment of the proceeds of a life insurance policy after said policy "has been in force during the lifetime of the insured for a period of two (2) years from its date of issue." Clearly, this provision was intended to protect the insured, together with the policy beneficiary, from either the nonpayment or dilatory payment of proceeds by the insurer. Of course, the purpose of incontestability provisions is "to put a checkmate upon litigation; to prevent, after the lapse of a certain period of time, an expensive resort to the courts—expensive

---

**1.** *See also* Md.R. 1–203 (1986 Repl.Vol.) which also provides that "the day of the act, event, or default after which the designated period of time begins to run is not included."

both from the point of view of the litigants and that of the citizens of the state." 1A J. Appleman, *Insurance Law and Practice* § 311, at 311 (rev. 1981); *see generally Suskind v. North American Life & Cas. Co.*, 607 F.2d 76 (3d Cir.1979) (discussing history of incontestability clauses).

It is thus clear that Art. 48A, § 390 contains a two-year limitation for contesting an insurance policy while Art. 94, § 2 addresses the computation of time periods contained in applicable statutes. Both statutes relate, at least in part, to the same subject matter—that of time. We have long held that "in construing legislative enactments, all statutes relating to the same subject matter are to be considered and harmonized as far as possible." *May v. Warnick*, 227 Md. 77, 83, 175 A.2d 413 (1961); *see also Police Comm'r v. Dowling*, 281 Md. 412, 418, 379 A.2d 1007 (1977) (citations omitted); *Smith v. Gray Concrete Pipe Co.*, 267 Md. 149, 155, 297 A.2d 721 (1972). In addition, there is a "policy that statutes are not to be construed to alter the common-law by implication." *Hardy v. State*, 301 Md. 124, 131, 482 A.2d 474 (1984); *see also Bradshaw v. Prince George's County*, 284 Md. 294, 302, 396 A.2d 255 (1979); *Police Comm'r v. Dowling, supra*, 281 Md. at 419, 379 A.2d 1007 (citations omitted); *Lutz v. State*, 167 Md. 12, 15, 172 A. 354 (1934).

As previously indicated, Art. 94, § 2 codified the then existing common law rule for computing time. In this regard, the General Assembly "is presumed to have had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute and the policy of the prior law." *Police Comm'r v. Dowling, supra*, 281 Md. at 419, 379 A.2d 1007. Article 94, § 2 preceded Art. 48A, § 390; hence, the General Assembly is presumed to have had full knowledge of its content and underlying policy when it passed Art. 48A, § 390.

Pursuant to Art. 94, § 2, the policy of this State is to employ a uniform method of time computation. Indeed, this uniform statutory method has been applied in a variety

of situations. *See, e.g., Yingling v. Smith,* 259 Md. 260, 269 A.2d 612 (1970) (in determining six-month statute of limitations for filing suit against an executor, Art. 94, § 2 clearly requires that the date upon which the executor was appointed be excluded); *Durham v. Walters,* 59 Md.App. 1, 474 A.2d 523 (1984) (applying Art. 94, § 2 to six-month period to file a caveat against a will); 64 Op.Att'y Gen. 20 (1979) (determining seven-day period required for notice of intent to exceed constant yield tax rate); 60 Op.Att'y Gen. 439 (1975) (determining one-year period to claim lottery prize).

In the last Attorney General opinion cited, the date of the lottery drawing was December 6, 1973 and the one-year period, under Art. 94, § 2, was deemed to commence formally on December 7, 1973 and terminate on December 6, 1974. After noting that result, the following observation was made:

> "[W]e realize that winning tickets are in fact presented for claim and processing on the day of the drawing itself.... [T]he holder of a winning ticket for the December 6, 1973, drawing could have presented such a ticket on that day. Section 16 of the State Lottery Law, however, appears primarily intended to put players on notice of the time at which the claim period expires, rather than to set a rigid time of commencement for the one year period. Obviously, claim may not be made until the drawing has been completed, and acceptance of claims on the date of the drawing is entirely consonant with this purpose." *Id.*

Evidently, the State Lottery Commission put forth an argument similar to that of the Jalowskys; that is, if the date of the drawing is excluded, the winner receives one year and one day to claim the prize. The quoted language indicates that the Attorney General found no substance in the "extra day" argument. Like the lottery provisions, the primary intent of § 390 of Art. 48A is to put insurers and insureds on notice of the time during which a policy can be contested,

rather than delineating a rigid time of commencement for the two-year incontestability period.

In its opinion, the Court of Special Appeals pointed out that if the first day is excluded in the computation of the two-year period of contestability, the insurance company is permitted two years and one day to contest the policy. We think the "extra day" argument is of no import for it could be asserted each time a statute contains a notice provision and Art. 94, § 2 is applied to compute the time period. The short answer is that Art. 94, § 2's exclusion of "the day of the act, event, or default" represents the uniform statutory policy of this State. By excluding "the day of the act, event, or default," the limitations period commences on the following first full day. We find this to be equitable for two reasons. First, a set method of time computation brings a degree of certainty to the law. Second, by excluding the first day and counting from the first whole day following the event, a party will not be prejudiced if the triggering event occurs toward the end of the day.

Since both Art. 94, § 2 and Art. 48A, § 390 relate to the computation of time, and there is no indication that the General Assembly intended to exempt Art. 48A, § 390 from the general dictates of Art. 94, § 2, the two statutes must be construed in harmony and full effect accorded to each. Pursuant to this maxim of statutory construction, the date of issue—April 16, 1981—must be excluded from the computation of the two-year period in this case. Accordingly, April 16, 1983, the date on which the insured died, falls within the two-year period during which the insurer could contest the validity of the policy.

### IV.

Some jurisdictions have reached results that tend to support the position of the Jalowskys in this case. *See generally* 18 G. Couch, *Cyclopedia of Insurance Law* § 72:40 2d ed. 1985; 1A J. Appleman, *Insurance Law and Practice* § 312, at 329 (rev. 1981). We do not find the cases there cited to be persuasive or particularly applicable to the

proceeding now before us. For instance, several of these cases held that a general statute as to time computation was not applicable to private contracts of insurance. *See, e.g., Pacific Mut. Life Ins. Co. v. Alsop*, 191 Ind. 638, 134 N.E. 290 (1922); *Ratcliff v. Louisiana Industrial Life Ins. Co.*, 185 La. 557, 169 So. 572 (1936); *Prudential Insurance Co. of America v. Rhodriquez*, 285 So.2d 689 (Fla.Dist.Ct. App.1973). But this reasoning is not applicable, as Equitable points out, because the incontestability provision in this case is not the result of arms-length contractual negotiations between the parties, but instead is mandated by statute—Art. 48A, § 390. Moreover, if a conflict arose between the provisions of an insurance policy and a governing statute, the latter would control. *See generally Casualty Co. v. Hinds*, 180 Md. 676, 679, 26 A.2d 761 (1942). Hence, the aforecited cases, as well as other cases which our research has uncovered, are inapposite. In at least three such cases, it was held that a general statute as to time computation did not apply because an insurance statute was more specific and indicated an intent to include the first day upon which coverage was effective. *See Nabor v. Occidental Life Ins. Co., Etc.*, 78 Ill.App.3d 288, 33 Ill.Dec. 543, 396 N.E.2d 1267 (1979); *Moore v. Industrial Life Ins. Co.*, 549 S.W.2d 47 (Tex.Civ.App.1977); *Acme Life Ins. Co. v. White*, 99 S.W.2d 1059 (Tex.Civ.App.1936). However, as we have already indicated, this is simply not the law in Maryland.

Cases in other jurisdictions which have considered the time computation for measuring the commencement of an incontestability provision have, as here, excluded the first day—the day of issue. *See, e.g., Mutual Ins. Co. v. Hurni Co.*, 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235 (1923) (dicta); *Franklin Life Insurance Company v. Bieniek*, 312 F.2d 365 (3d Cir.1962) (analogizing period delineated in an incontestability clause to a statute of limitations); *New York Life Ins. Co. v. Bullock*, 26 F.2d 666 (5th Cir.1928) (following well-settled general rule to exclude first day); *Metropolitan Life Ins. Co. v. Lodzinski*, 122 N.J.Eq. 404, 194 A.

79 (1937) (following general rule in New Jersey to exclude first day).

## V.

In sum, even though some jurisdictions have deviated from the general rule of excluding the first day in computing a period of time delineated in an incontestability provision, the legislature did not intend that Art. 48A, § 390 should be exempted from the policy of uniformity mandated by Art. 94, § 2. Accordingly, in this case, April 16, 1981—the date of issue—must be excluded in computing the two-year period during which the life insurance policy remains contestable. Therefore, the period of contestability terminated on April 16, 1983, the date the insured died, and Equitable's contest was timely. The circuit court erred in granting the Jalowskys' motion for summary judgment.

JUDGMENT OF COURT OF SPECIAL APPEALS REVERSED; CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE COUNTY FOR THE ENTRY OF SUMMARY JUDGMENT FOR THE APPELLANT. COSTS TO BE PAID BY APPELLEES.