700 So.2d 49 (1997)
ALLSTATE LIFE INSURANCE COMPANY, Appellant,
v.
Richard C. FOX, Appellee.
Nos. 96-2888, 96-3256.
District Court of Appeal of Florida, Fifth District.
September 5, 1997.
Rehearing Denied October 13, 1997.
Anthony H. Pelle of Katz, Barron, Squitero, Faust & Berman, P.A., Miami, for Appellant.
J. Larry Hanks of J. Larry Hanks, P.A., Orlando, and Richard Trapp of Trapp & Chastain, Orlando, for Appellee.
PETERSON, Judge.
Allstate Life Insurance Company, Inc., (Allstate) appeals the trial court's final judgment finding that the incontestability provision in a life insurance policy issued to appellee's deceased wife was ambiguous and therefore had to be construed against the insurer.[1] It also appeals the award of appellee's attorney's fees.
On July 9, 1992, Allstate issued a policy insuring the life of appellee's now deceased wife, Tammy Fox, for $250,000 with another $250,000 payable upon an accidental death. On April 23, 1994, the appellee found his wife unconscious in the jacuzzi of their hotel room. She died ten days later on May 3, 1994, without regaining consciousness. The decedent's policy contained an incontestability clause as required by section 627.455, Florida Statutes (1991). The clause required by statute prevents the insurer from raising as a *50 defense to payment of a claim, any misrepresentations a decedent made in the policy application when that decedent survives at least two years from the date the policy is issued. Reliance Life Ins. Co. of Pittsburgh v. Everglades Discount Co., 204 F.2d 937 (5th Cir.1953).
Tammy Fox died before the second anniversary of the issue of her policy. She was not, therefore, and appellee concedes she was not, entitled to the two year protection of incontestability afforded by the statute. The appellee argues, rather, that the incontestability clause in Allstate's contract with Tammy Fox was susceptible to an interpretation that Allstate intended to provide her with a greater right of incontestability than that afforded under the statute. Specifically, appellee urged, and the trial court found, that even though Fox failed to survive for two years from the date of the issuance of her policy, Allstate was prohibited from asserting a defense of misrepresentation in the policy application because Allstate failed to assert this defense within two years of the policy's issue date. Stripped of the defense, the trial court entered a final judgment against Allstate in the amount of $599,982, consisting of the $250,000 face value of the policy, the $250,000 accidental death benefit and interest. The court, in addition, awarded $150,000 to appellee for attorney's fees.
Both parties concede that the pivotal issue in this case is whether the clauses in Allstate's policy and policy rider have the same meaning as the incontestability statute in question. Section 627.455, Florida Statutes (1995), provides:
Incontestability.Every insurance contract shall provide that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue except for non-payment of premiums and except....
The Allstate policy issued to Tammy Fox, under its general provisions, states:
IncontestabilityExcept as provided in the attached rider with a provision on incontestability, we may not contest this contract once it has been in force while the insured is alive, for two years from its start date except for payments due but not made.
(Emphasis added). The accidental death benefit rider to Fox's policy similarly provides that Allstate "may not contest this benefit once it has been in force while the insured person is alive for two years from its start date except for payments due but not made."
Appellee first argues that Allstate's placement of the second comma in the incontestability clause of the policy's general provisions supports his interpretation of that clause's meaning. The second comma's placement and use[2] does indeed make it more difficult to interpret the clause as having the same meaning as the statute. By virtue of the second comma, the unreasonable interpretation could be reached that Allstate cannot begin contesting the contract until after it has been in effect for two years. ("we may not contest this contract once it has been in force ..., for two years ..."). This interpretation should be discarded because it is not a reasonable one. Friedman v. Virginia Metal Products Corp., 56 So.2d 515 (Fla. 1952) (a word or phrase in a contract is only ambiguous "when it is of uncertain meaning, and may be fairly understood in more ways than one"). (Emphasis added). Clearly, if a limit to the right of contestability is to exist, it would exist for the period nearer the time of the initial misrepresentation, not farther into the future. Also, while the comma could yield this odd interpretation, it is not the interpretation the appellee advocated below nor the one the trial court adopted.
The interpretation urged below by appellee and adopted by the trial court, is that Allstate had two years within which to make a claim regardless of whether the decedent survived those two years. Appellee supports this interpretation by arguing that the word, "once," used in the Allstate policy, has a totally different meaning than the word, "after," which is used in the statute. The appellee asserts that two dictionaries, the Oxford Dictionary and Webster's New World Dictionary, Third College Edition, define the word "once" as meaning "one time, one time only, at any time, at all on any occasion, at some *51 point in the past." The word "after," the appellee asserts, has a very different meaning. Appellee states that Webster's defines this word as meaning, "behind in time" and, "later than." The appellee, however, ignores the alternative that the word, "once," when used as a conjunction rather than as an adverb, means, according to Webster's New Collegiate Dictionary, and one of the dictionaries relied upon by the appellee, "at the moment when," or, "as soon as." As a conjunction the word, "once," is not at all dissimilar to the word, "after." Both words signify that a particular event or outcome will not take place until an earlier condition occurs. In this case, the pre-condition is the survival of the insured for two years from the date of issue and the event or outcome is incontestability by the insurer.
Appellee's argument that Allstate's choice of the word, "once," rather than the word, "after," in its incontestability clause, created an ambiguity in the meaning of the overall clause, is unconvincing. The Allstate policy and rider provides no greater rights than those afforded to the insured under the statute. The incontestability clauses drafted by Allstate, while somewhat awkward, are reasonable and logical statements which indicate that once the policy has been in force while the insured is alive for a period of two years, "once" this event has passed, or these events have passed, Allstate can no longer refuse to pay by contending that the contract should be nullified because a false statement was made by the insured in an application.
Allstate's policy provides the insured with the same protection afforded by the statute. The incontestability statute does not bar Allstate from asserting its defense that a material misrepresentation was made in the application because the insured died within two years of the date the policy was issued. Accordingly, the final judgment in favor of the insured is reversed.
REVERSED.
GRIFFIN, C.J., and THOMPSON, J., concur.
NOTES
[1] While policy language which is ambiguous is generally to be construed against the insurer, Premier Ins. Co. v. Adams, 632 So.2d 1054 (Fla. 5th DCA 1994), Couch on Insurance, 2d, § 72-10 (rev. ed.1983), makes the observation that "where the [incontestability] provision is in the form prescribed by statute, the concept that the language should be construed strictly against the insurer has less validity and does not apply."
[2] No such comma was placed in the rider language.