Dear Honorable Jerry F. Barnes
You have asked for our opinion as to when the 15-day statutory time limit for the execution of a search warrant commences.
In our opinion, the 15-day period should be computed beginning on the day after the search warrant is issued by a judicial officer.
 I Statutory Time Limit
The Maryland criminal code sets a time limit for the execution of search warrants issued by Maryland courts. It states in relevant part:
. . . [A]ny search or seizure under the authority of [a] search warrant . . . shall be made within 15 calendar days from the date of the issuance thereof and after the expiration of the 15-day period said warrant shall be null and void. If . . . it appears . . . that the property was taken under a warrant issued more than 15 calendar days prior to seizure, [the] judge must cause it to be restored to the person from whom it was taken.
Annotated Code of Maryland, Article 27, § 551(a).[1] A search warrant that is not executed within 15 days after its issuance is to be returned to the issuing judge. Maryland Rule 4-601(d).
The 15-day period was added to the predecessor of § 551 in 1950. Chapter 81, Laws of Maryland 1950. This requirement is "of sub-constitutional status, since neither Article 26 of the Maryland Declaration of Rights nor the Fourth Amendment included such a requirement." In re Special Investigation No. 228, 54 Md. App. 149,162-63, 458 A.2d 820, cert. denied, 296 Md. 414 (1983) (recounting history of § 551).
Presumably, the purpose of the 15-day limit is similar to that of the 10-day limit for the execution of search warrants issued under the Federal Rules of Criminal Procedure.[2] Both rules help ensure that a search warrant is not executed after the probable cause supporting the search has grown "stale" as a result of a delay after the warrant is issued. See United States v. Sgro,287 U.S. 206 (1932); Donaldson v. State, 46 Md. App. 521, 527-31,420 A.2d 281 (1980). See generally LaFave, Search and Seizure § 3.7(a) (3d ed. 1996). Of course, the facts and circumstances of a particular case will determine whether any delay in execution has resulted in the dissipation of probable cause. As Judge Moylan explained in an oft-quoted passage:
The ultimate criterion in determining the degree of evaporation of probable cause, however, is not case law but reason. The likelihood that the evidence sought is still in place is a function not simply of watch and calendar but of variables that do not punch a clock: the character of the crime (chance encounter in the night or regenerating conspiracy?), of the criminal (nomadic or entrenched?), of the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), of the place to be searched (mere criminal forum of convenience or secure operational base?), etc. The observation of a half-smoked marijuana cigarette in an ashtray at a cocktail party may well be stale the day after the cleaning lady has been in; the observation of the burial of a corpse in a cellar may well not be stale three decades later. The hare and the tortoise do not disappear at the same rate of speed.
Andresen v. State, 24 Md. App. 128, 172, 331 A.2d 78, cert. denied, 274 Md. 725 (1975), aff'd, 427 U.S. 463 (1976). In the absence of a specific deadline set by the issuing judge, the 15-day limit has been deemed a "reasonable time to allow" for the execution of a warrant. Griffin v. State, 232 Md. 389, 392,194 A.2d 80 (1963).
 II Computation of Time
The Annotated Code of Maryland provides a general rule for the computation of time limits set forth in statutes. It provides:
In computing any period of time prescribed or allowed by any applicable statute, the day of the act, event, or default, after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included unless . . . [i]t is a Sunday or a legal holiday, in which event the period runs until the end of the next day, which is neither a Sunday or a holiday. . . . When the period of time allowed is more than seven days, intermediate Sundays and holidays shall be considered as other days . . . .
Annotated Code of Maryland, Article 1, § 36. The Maryland Rules contain a similarly worded provision. Maryland Rule 1-203(a).[3]
The purpose of the statute, which is essentially a codification of the common law rule, is to provide a uniform method of computing any period of time prescribed by statute. Equitable Life Assurance Society v. Jalowsky, 306 Md. 257, 262,508 A.2d 137 (1986). It thus brings a "degree of certainty" to the law and also avoids prejudice to a party "if the triggering event occurs toward the end of the day." Id. at 265. See also Jones v. Hubbard, 356 Md. 513, 538,740 A.2d 1004 (1999).
Notably, the statute creating a uniform rule for the computation of time was first enacted in 1941. Chapter 522, Laws of Maryland 1941, originally codified as Article 94, § 2.[4] This was prior to establishment of the 15-day time limit for the execution of search warrants now codified in Article 27, § 551. Thus, it is presumed that the Legislature created the 15-day period in § 551 with the knowledge that the uniform method for computation of time would be applied and, by not specifying otherwise, approved of the use of that method of computation. Equitable Life, supra, 306 Md. at 263. See also Hampton v. University of Maryland at Baltimore, 109 Md. App. 297,307, 674 A.2d 145, cert. denied, 343 Md. 333, cert. denied,519 U.S. 1032 (1996).
 III Conclusion
In our opinion, a search warrant issued by a Maryland court under Article 27, § 551, must be executed within 15 calendar days after it is signed by the issuing judge. The 15-day period is to be computed in accordance with Article 1, § 36, and therefore begins on the day after the warrant is signed.
J. Joseph Curran, Jr. Attorney General
Robert N. McDonald Chief Counsel Opinions Advice
[1] As part of code revision, this statute is bein recodified as § 1-203 of the new Criminal Procedure Article, effective October 1, 2001. See Chapter 10, Laws of Maryland 2001.
[2] See Federal Rule of Criminal Procedure 41(c)(1) ("[the warrant] shall command the officer to search, within a specified period of time not to exceed 10 days. . ."). That rule authorizes state courts, as well as federal courts, to issue search warrants at the request of federal law enforcement officials. If a Maryland court issues a warrant under the federal rule, the 10-day limit in that rule) or any shorter time period stated in the warrant by the issuing judge) would pertain.
[3] That rule provides, in pertinent part:
(a) Computation of time after an act, event, or default. In computing any period of time prescribed by these rules, by rule or order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not included. If the period of time allowed is more than seven days, intermediate Saturdays, Sundays, and holidays are counted. . . . The last day of the period so computed is included unless . . . it is a Saturday, Sunday, or holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or holiday . . . .
Maryland Rule 1-203(a).
[4] The statute was recodified in its current form in 1997. Chapter 31, § 6, Laws of Maryland 1997.
 *Page 153