869 So.2d 585 (2004)
GREAT SOUTHERN LIFE INSURANCE CO., Appellant,
v.
Filamena PORCARO, as Personal Representative of the Estate of John Anthony Porcaro, deceased, and Jeff D. Hackmeier & Associates, Inc., Appellees.
No. 4D03-659.
District Court of Appeal of Florida, Fourth District.
February 25, 2004.
Rehearing Denied April 28, 2004.
Wendy S. Leavitt of Steel Hector & Davis LLP, Miami, for appellant.
*586 Kenneth E. Cohen and Jeffrey E. Holman of Holman & Cohen, Hollywood, for appellee Filamena Porcaro, as Personal Representative of the Estate of John Anthony Porcaro, deceased.
POLEN, J.
Great Southern appeals the denial of its motion to enforce the settlement agreement as well as the final summary judgment in favor of Filamena Porcaro requiring it to pay the $1,500,000 policy amount on John Porcaro's life insurance policy. We affirm the trial court's denial of Great Southern's motion to enforce the settlement agreement. However, we reverse the final summary judgment for the reasons which follow.
John Porcaro's life was insured in the amount of $1,500,000 under a term life policy issued by Great Southern Life Insurance Company. Mr. Porcaro mysteriously disappeared around June 13, 1998. More than two years after he was last seen, his wife filed a petition in probate court to have him declared dead. She notified Great Southern of the hearing, but it elected not to participate, requesting only that Mrs. Porcaro inform the company of the outcome of the hearing. After the uncontested hearing, the probate court declared Mr. Porcaro dead as of the date it issued the order, October 18, 2000.
After Great Southern refused to pay out on the policy, Mrs. Porcaro, as representative of Mr. Porcaro's estate, sued Great Southern for the $1,500,000 policy amount. Mrs. Porcaro and Great Southern filed competing motions for summary judgment. Mrs. Porcaro claimed Great Southern was statutorily barred from contesting coverage, and collaterally estopped from rearguing the issue of Mr. Porcaro's death. Great Southern alleged that Mrs. Porcaro, as representative of Mr. Porcaro's estate, lacked standing to bring the suit for proceeds under the insurance policy because one of Mr. Porcaro's business interests, Father and Son Moving & Storage, Inc., not Mr. Porcaro's estate, was the beneficiary of the policy.
The court ruled: 1) Great Southern was not collaterally estopped from arguing the date of Mr. Porcaro's death; 2) the insurance policy is incontestable as a matter of law; 3) Great Southern failed to overcome the presumptive date of Mr. Porcaro's death; 4) by demanding the continued payment of premiums, Great Southern waived its right to contest the reinstatement; and 5) Great Southern was estopped from denying liability because it did not raise defenses within the contestability period. The court also granted Mrs. Porcaro's motion to strike Great Southern's affirmative defenses. The court entered final judgment ordering Great Southern to pay Mr. Porcaro's estate $1,500,000 on the policy and $309,699.60 in prejudgment interest.
In this appeal, Great Southern argues the trial court erred in denying its motions for summary judgment and to enforce a purported settlement agreement it entered with Mrs. Porcaro. It also argues the court erred in granting Mrs. Porcaro's motion for summary judgment and motion to strike Great Southern's affirmative defenses.
We find there are material issues of fact that still remain to be resolved which preclude summary judgment. First, for purposes of this suit it is uncertain whether Mr. Porcaro is actually dead. Great Southern presented deposition evidence from which a jury could reasonably determine that Mr. Porcaro may have fled to avoid prosecution and, thus, still be alive. Furthermore, the probate court's ruling does not constitute prima facie evidence of Mr. Porcaro's death. While a *587 death certificate obtained through probate proceedings provides some evidence of death, death certificates no longer have prima facie evidentiary value outside the context of probate proceedings. See Ch. 97-237, § 106, at 4169, Laws of Fla. (eliminating provision in section 382.025(5), Florida Statutes, that provided for such prima facie evidentiary value in "all courts and cases"); Branca by Branca v. Sec. Benefit Life Ins. Co., 773 F.2d 1158 (11th Cir.1985) (holding section 731.103, Florida Statutes, providing for prima facie evidentiary value upon the presentation of enumerated evidence of death, applies only in probate proceedings). Therefore, the burden was on Mrs. Porcaro to establish her husband's death. It was error for the trial court to accord presumptive evidentiary value to the death certificate, placing the burden on Great Southern to demonstrate that Mr. Porcaro was alive.
There is also a material issue of fact with regard to the reinstatement of insurance that precludes summary judgment. After lapsing, Mr. Porcaro's insurance policy was reinstated in August 1998. Great Southern argued the reinstatement was invalid either as a result of fraud or as a result of Mr. Porcaro dying prior to the reinstatement becoming effective. The trial court found Great Southern was precluded from challenging the validity of the reinstatement on the grounds of fraud as it failed to make this challenge during the contestability period provided for in sections 627.455 and 627.472, Florida Statutes. Pursuant to these sections, a reinstatement is incontestable on the ground of fraud after it has been in force, during the lifetime of the insured, for a period of two years. Because the probate court death certificate provides only some evidence of Mr. Porcaro's death, and a jury could reasonably conclude that Mr. Porcaro actually died prior to the date ruled by the probate court, closer to the date of his disappearance, there is a material issue of fact as to whether Mr. Porcaro died within the two-year incontestability period. Therefore, it was improper for the trial court to grant summary judgment on this ground. It was also error for the trial court to strike Great Southern's affirmative defenses on the ground that the reinstatement was incontestable.
Finally, there is a material issue of fact as to whether Great Southern waived its ability to contest the reinstatement by continuing to collect premium payments. While it is true that an insurer can waive the right to contest a policy through the continued acceptance of premiums, the insurer must have the intention to relinquish the right. See Leonardo v. State Farm Fire & Cas. Co., 675 So.2d 176, 178 (Fla. 4th DCA 1996). Great Southern presented evidence that at the time it continued to accept the payment of premiums, it was not aware the policy may have been fraudulently reinstated. This evidence created a material issue of fact as to whether Great Southern intended to waive its ability to contest the policy; thus, summary judgment on this ground was improper.
We decline to address the remaining issue in this appeal as we find it to be without merit. The final summary judgment of the trial court is reversed and remanded for further proceedings consistent herewith.
AFFIRMED in part, REVERSED in part.
GROSS, J., and OFTEDAL, RICHARD L., Associate Judge, concur.