[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 19, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15030

_____

D. C. Docket No. 03-61797-CV-UUB

ALLSTATE LIFE INSURANCE COMPANY,

Plaintiff-Appellant,

LINCOLN BENEFIT LIFE COMPANY,

Plaintiff-Counter-Defendant,

versus

JOHN MILLER, the Estate of,
NICHOLAS DEMETRO,
a.k.a. Nicholes Demetro,
STEVE MILLER,

Defendants-Counter-Claimants-Appellees,

SONNY MITCHELL,
a.k.a. Sonny Miller,

Defendant-Appellee,

STEVE MILLER, et al.,

Defendants.

———————————————

Appeal from the United States District Court
for the Southern District of Florida

———————————————

**(September 19, 2005)**

Before BARKETT and MARCUS, Circuit Judges, and GEORGE[*], District Judge.

BARKETT, Circuit Judge:

In this diversity insurance case, Appellant Allstate Life Insurance Company ("Allstate") appeals the summary judgment order granting to appellees Steve Miller and Nicholas Demetro ("the beneficiaries") the proceeds of a life insurance policy on the life of John Miller. Allstate argued below that the life insurance policy insuring the life of John Miller should be rescinded or declared void, alleging that the policy was obtained through the use of an imposter in Miller's place during the initial required medical examination. The district court rejected Allstate's attempts to rescind or void the life insurance policy at issue because: (i) the policy contained a clause – required by Florida statute – that rendered the policy incontestable after it was in force for two years during the life of the insured; and (ii) more than two years had passed since the policy was issued. Because we agree with the district court that Florida law recognizes no implied

———————————————

[*]Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

2

"imposter" exception to the two-year statutory incontestability period, summary judgment was properly granted and we affirm.

## BACKGROUND

The Allstate life insurance policy on which this case centers went into effect on September 20, 2000, insuring the life of John Miller. The policy stated that if the insured died while the policy was in force, Allstate would pay a death benefit to the policy beneficiaries upon receiving proof of death. As required by Fla. Stat. § 627.455, the policy further provided that it would become incontestable after remaining in force during the lifetime of the insured for a period of two years from its effective date.[1] On October 4, 2002, John Miller requested that the beneficiaries of the policy be changed, and named Steve Miller and Nicholas Demetro as beneficiaries. John Miller died on April 20, 2003 -- more than two years after the policy went into effect. The beneficiaries accordingly filed statements seeking to collect benefits under the policy.

Rather than disburse the benefits, Allstate sought a declaratory judgment that the policy was void ab initio, alleging that the policy application was completed using fraudulent information and that an imposter had appeared at the medical

---

[1]The text of the policy's incontestability clause reads: "This contract shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its start date except for nonpayment of premiums and expect as to provisions relative to benefits in event of disability and as to provisions which grant additional insurance specifically against death by accident or accidental death."

exam initially required by the insurance company in the place of John Miller.[2]

Allstate's complaint averred that this was the only possible conclusion that could be drawn from discrepancies between statements made on the policy application and the health of the individual examined before the policy was issued, as compared with the health conditions which ultimately led to John Miller's death. In response, the beneficiaries counter-claimed, alleging breach of contract based on Allstate's failure to pay benefits upon proof of death in accordance with the insurance policy's terms.

Although the district court permitted Allstate to engage in discovery to establish the factual predicate for its imposter argument, the district court ultimately granted the beneficiaries' motion for summary judgment, holding that because Allstate's claim was made after two years from the date of the policy's issue, it was barred by the policy's incontestability clause. The district court reasoned that Florida precedent has interpreted incontestability clauses as absolute bars to efforts by the insurer to rescind the policy after two years for any other reason than the articulated exceptions in the statute. Though Florida courts have

---

[2]Lincoln Benefit Life Insurance Co. ("Lincoln") joined with Allstate as a plaintiff in the complaint, seeking to void a separate policy that Lincoln issued to John Miller, naming Vincent Miller, Antonio Mitchell, Sonny Mitchell and Steve Davis as beneficiaries. Because none of these Lincoln policy beneficiaries ever responded to the complaint, the district court entered final default judgment in favor of Lincoln on its claims. The beneficiaries of the Lincoln policy have not appealed the district court's entry of judgment for Lincoln.

not expressly rejected an insurer's attempt to bring an imposter-based fraud claim after the policy becomes incontestible, the district court found there to be no material difference between Allstate's imposter defense and the defenses of fraud and misrepresentation that Florida courts have expressly rejected once the two-year contestability period has expired. Allstate timely appealed.

## STANDARD OF REVIEW

We review de novo a district court's grant of summary judgment, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party. Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1243 (11th Cir. 2004). We will affirm the grant of summary judgment only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## DISCUSSION

Florida law requires that "[e]very insurance contract shall provide that the policy shall be incontestable after it has been in force during the lifetime of the insured for a period of 2 years from its date of issue. . . ." Fla. Stat. § 627.455. Excepted from this statutory incontestability period are challenges based upon "nonpayment of premiums and . . . at the option of the insurer, [challenges] as to provisions relative to benefits in event of disability and as to provisions which

5

grant additional insurance specifically against death by accident or accidental means." Id.

The Florida Supreme Court has explained that incontestability clauses, such as the one contained in § 627.455, are "in the nature of, and serve[] a similar purpose as, a statute of limitations." Prudential Ins. Co. of Am. v. Prescott, 176 So. 875, 878 (Fla. 1937). As such, while incontestability clauses "recognize[] fraud and all other defenses, [they] provide[] a reasonable time in which they may be, but beyond which they cannot be, established." Id. The incontestability clause thus works to the mutual advantage of the insurer and the insured, "giv[ing] the insured a guaranty against expensive litigation to defeat his policy after the lapse of the time specified, and at the same time giv[ing] the company a reasonable time and opportunity to ascertain whether the [insurance] contract should remain in force." Id.

Accordingly, just as Florida courts would dismiss an otherwise-valid action once the statute of limitations on that claim had run, Florida's appellate courts have uniformly held that once the incontestability clause becomes effective, insurers are barred from attempting to rescind or cancel the insurance policy based on allegations that the insured engaged in fraud or misrepresentation. See Kaufman v. Mut. of Omaha Ins. Co., 681 So. 2d 747, 750-53 (Fla. Dist. Ct. App. 1996)

6

(rejecting insurer's attempt to rescind policy, based in part on insured's non-disclosure of preexisting conditions, where "the insurer's attempted rescission of the policy occurred over two years after the policy was issued, and consequently the attempted recision was legally ineffective"); Prudential Ins. Co. of Am. v. Rhodriquez, 285 So. 2d 689, 690 (Fla. Dist. Ct. App. 1973) (holding that insurer was not entitled to cancel or rescind insurance policies based upon insured's misrepresentations as to health and medical history because the policies became incontestable after they were in effect for two years); Great S. Life Ins. Co. v. Porcaro, 869 So. 2d 585, 587 (Fla. Dist. Ct. App. 2004), review denied 884 So. 2d 23 (Fla. 2004) ("Pursuant to [Fla. Stat. §627.455], a reinstatement [of an insurance policy] is incontestable on the ground of fraud after it has been in force, during the lifetime of the insured, for a period of two years."); Allstate Life Ins. Co. v. Fox, 700 So. 2d 49, 49-50 (Fla. Dist. Ct. App. 1997) ("The [incontestability] clause required by statute prevents the insurer from raising as a defense to payment of a claim, any misrepresentations a decedent made in the policy application when that decedent survives at least two years from the date the policy is issued."); DiFranco v. Nat'l Found. Life Ins. Co., 551 So. 2d 535, 536 (Fla. Dist. Ct. App. 1989) ("the incontestability clause of the subject insurance policy, as required by [Florida statute], clearly precludes the defendant from raising the affirmative defense that

7

the plaintiffs failed to fully and completely disclose the prior medical treatment and history of the plaintiff"); see also, Bankers Sec. Life Ins. Soc. v. Kane, 885 F.2d 820, 821-22 (11th Cir. 1989) (refusing to create any court-created exception to the Florida incontestability statute and holding that the statutory incontestability clause barred efforts to rescind a policy based on alleged fraudulent misrepresentations made by the insured); Reliance Life Ins. Co. v. Everglades Disc. Co., 204 F.2d 937, 942 (5th Cir. 1953) (suggesting that Florida insurers lose the defense of fraud upon expiration of the statutory contestability period).

Under these cases, while an insurer may assert an imposter claim (or any number of other grounds) to rescind or void an insurance policy before the incontestability clause goes into effect, § 627.455 prevents an insurer from doing so once the policy has been in effect for two years during the life of the insured, except on the three grounds enumerated in the statute.[3] Accordingly, we find Allstate's arguments to the contrary unpersuasive.

First, Allstate argues that it is not contesting the policy in a manner prohibited by § 627.455 because its suit is based upon a claim that the policy is

---

[3]While the decisions of Florida's appellate courts compel this conclusion, we note that it is also supported by the canons of statutory construction. Specifically, where the legislature has included certain exceptions to the two-year incontestability rule, the doctrine of *expressio unis est exclusio alterius* counsels against judicial recognition of additional exceptions. See, e.g., Grenitz v. Tomlian, 858 So. 2d 999, 1002 (Fla. 2003). While Allstate argues the policy wisdom of the resulting absence of an imposter exception to the incontestability clause, Allstate's complaint is properly directed to the Florida legislature – not this court.

void ab initio. Specifically, Allstate claims that its lack of knowledge as to John Miller's true medical condition meant that there was no meeting of the minds and no actual contract. However, Florida courts have already rejected claims by an insurer who sought to rescind an insurance policy because it would not have agreed to issue the policy had it known the true facts of the insured's medical history. See Rhodriquez, 285 So. 2d at 689-90; see also, Home Life Ins. Co. v. Regueira, 313 So. 2d 438, 439 (Fla. Dist. Ct. App. 1975) (explaining that where an insurer's claim relates to the validity of the insurance policy, that claim is barred by an incontestability clause).

Second, Allstate relies on the "weight of authority in other jurisdictions" to argue that we should recognize an imposter exception to the incontestability period. However, in diversity cases we are required to adhere to the decisions of the Florida appellate courts absent some persuasive indication that the Florida Supreme Court would decide the issue otherwise. Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1290 (11th Cir. 2001). As discussed above, the Florida appellate courts have uniformly and expressly held that the § 627.455 incontestability clause bars an insurer from rescinding or contesting the policy based on alleged fraudulent misrepresentations the insured made in the policy application. We can discern no indication that the Florida Supreme Court would

9

disagree. While Allstate argues that its so-called "imposter defense" is different in kind from the sorts of fraud and misrepresentation that Florida's appellate courts have rejected as a basis for obviating the statutory incontestability clause, we agree with the district court that the "imposter defense" is merely a species of fraud, indistinguishable from the use of an imposter for incontestability purposes. Cf. Bradford Trust Co. v. Tex. Am. Bank Houston, 790 F.2d 407, 410 (5th Cir. 1986) (characterizing imposter scheme as species of fraud).

Finally, Allstate would have us rely on Fioretti v. Massachussets General Life Insurance Co., 892 F. Supp. 1492 (S.D. Fla. 1993), which distinguished an imposter defense from the fraudulent misrepresentations addressed by the Florida appellate courts. However, this court determined on appeal that it was New Jersey law which governed the insurance policy at issue. See Fioretti, 53 F.3d 1228, 1236 (11th Cir. 1995). Moreover, after Fioretti, the Fourth District Court of Appeal decided Great Southern Life Insurance Co. v. Porcaro, 869 So. 2d 585 (Fla. Dist. Ct. App. 2004). In Porcaro, the insured mysteriously disappeared. The insurer continued to accept premium payments, and more than two years after the policy was issued the representative of his estate obtained a probate court judgment declaring the insured to be dead. Id. at 586. The insurer refused to pay the policy proceeds, citing evidence that the insured *was not in fact dead*, but rather had

10

fraudulently absconded in order to avoid prosecution. The trial court entered judgment for the estate in the amount of the policy, holding that the insurer was precluded from contesting the policy because of failure to do so within the two-year contestability window. See id. While the appeals court reversed and remanded because of a material issue of fact as to whether the insured died before the policy had been in effect for two years, its decision recognized that were a jury to determine that the insured lived for two years from the date the policy issued, the statutory incontestability clause would bar any defense of fraud based on the circumstances of the insured's disappearance. See id. at 587. If claims of potential fraud as to the fact of an insured's death -- a fact most central to a life insurance contract -- are subject to the statutory incontestability clause, Allstate's imposter claims cannot obviate § 627.455 based on their importance in the contractual scheme. Furthermore, even if it could be argued that the alleged fraud in Porcaro prevented a meeting of the minds, as noted earlier, this rationale has been rejected by Florida courts. See Rhodriquez, 285 So. 2d at 689 (holding that statutory incontestability clause barred insurer's claim that had it known insured's true condition, it would not have agreed to issue the policy).

Because we agree with the district court that the statutory incontestability clause bars Allstate's efforts in this case to void the policy, we hold that summary

11

judgment was properly granted.

**AFFIRMED.**