*State of Maryland v. Anthony Brooke,* No. 963, September Term, 2023.
Opinion by Graeff, J.

**STATUTE OF LIMITATIONS — DISMISSAL OF INDICTMENT**

Pursuant to the common law, Md. Code Ann., Gen. Prov. § 1-302(a), and Md. Rule 1-203, the date of the offense is not included when computing a statutory limitations period. The statute of limitations period begins to run the day following the offense.

The circuit court dismissed the indictment for violation of the two-year statute of limitations period set forth in Md. Code Ann., Cts. & Jud. Proc. § 5-106(f). The offense was committed on February 23, 2021, and the prosecution was initiated on February 23, 2023. The indictment was timely filed, and court erred in dismissing the indictment on the ground that the statute of limitations had expired.

Circuit Court for Prince George's County
Case No. C-16-CR-23-000625

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 963

September Term, 2023

_____

STATE OF MARYLAND

v.

ANTHONY BROOKE

_____

Graeff,
Arthur,
Woodward, Patrick L.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Graeff, J.

_____

Filed: June 26, 2024

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

On February 23, 2023, a grand jury indicted Anthony Brooke, appellee, on charges of misconduct in office relating to an assault on February 23, 2021. Appellee filed a motion to dismiss the indictment, arguing that the State failed to initiate the prosecution within the two-year statute of limitations set forth in Md. Code Ann., Cts. & Jud. Proc. ("CJ") § 5-106(f). After a hearing, the Circuit Court for Prince George's County granted the motion.

On appeal, the State presents the following question for this Court's review:

> Did the circuit court err in granting the motion to dismiss on statute of limitations grounds?

For the reasons set forth below, we answer that question in the affirmative, and therefore, we shall reverse the judgment of the circuit court.

## DISCUSSION

The sole issue presented in this appeal is whether the indictment was filed within the two-year statute of limitations applicable in this case. CJ § 5-106(f) provides:

> A prosecution for the commission of or the attempt to commit a misdemeanor constituting: (1) a criminal offense under the Maryland Public Ethics Law; or (2) criminal malfeasance, misfeasance, or nonfeasance in office committed by an officer of the State, or of an agency of the State, or of a political subdivision of the State, or of a bicounty or multicounty agency in the State *shall be instituted within 2 years after the offense was committed.*

(Emphasis added).

There is no dispute regarding the dates involved. The alleged offense was committed on February 23, 2021, and the prosecution was initiated on February 23, 2023.

The dispute involves how to compute the start date of the two-year statute of limitations. The State contends that the start of the two-year period is the day following the offense, which means that the first day of the two-year period was February 24, 2021,

the last day of the two-year period was February 23, 2023, and the indictment filed on February 23, 2023 was timely. Appellee contends that the start of the two-year limitations period is the date the crime occurred, i.e., February 23, 2021, the last day of the two-year period was February 22, 2023, and the indictment filed on February 23, 2023, was one day too late.

The dispute boils down to whether the first day of the limitations period is the day of the crime or the day following the crime. As explained below, we agree with the State that, pursuant to the common law, statute, and rule, the date of the offense is not included when computing the two-year limitations period.

In *Equitable Life Assur. Soc'y of the United States v. Jalowsky*, 306 Md. 257, 262 (1986), the Supreme Court of Maryland stated: "It is the general common law rule that when time is to be computed from a particular day, act or event, the designated first day is excluded and the last day of the period is included." *Accord Mayor & Town Council of Oakland v. Mayor & Town Council of Mountain Lake Park*, 392 Md. 301, 312 (2006). This method of computing time has been codified in both statute and rule.

Md. Code Ann., Gen. Prov. ("GP") § 1-302(a), in relevant part, provides: "In computing a period of time described in a statute, the day of the act, event, or default after which the designated period of time begins to run may not be included."

Md. Rule 1-203 similarly provides:

(a) **Computation of time after an act, event, or default.** – In computing any period of time prescribed by these rules, by rule or order of court, or by any applicable statute, *the day of the act, event, or default after which the designated period of time begins to run is not included.* If the period of time allowed is more than seven days, intermediate Saturdays, Sundays, and

2

holidays are counted; but if the period of time allowed is seven days or less, intermediate Saturdays, Sundays, and holidays are not counted. The last day of the period so computed is included unless:

(1) it is a Saturday, Sunday, or holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or holiday; or

(2) the act to be done is the filing of a paper in court and the office of the clerk of that court on the last day of the period is not open, or is closed for a part of the day, in which event the period runs until the end of the next day that is not a Saturday, Sunday, holiday, or a day on which the office is not open during its regular hours.

(Emphasis added).

"The interpretation of a statute is a question of law that this Court reviews *de novo*." *Johnson v. State*, 467 Md. 362, 371 (2020). The interpretation of a Maryland Rule similarly is a question of law reviewed *de novo*. *See Fuster v. State*, 437 Md. 653, 664 (2014) ("An appellate court reviews without deference a trial court's interpretation of a Maryland Rule.").

In construing the relevant statute, we note that "[t]he cardinal rule of statutory interpretation is to ascertain and effectuate the real and actual intent of the Legislature." *State v. Bey*, 452 Md. 255, 265 (2017). The process begins with the plain meaning of the statutory language "viewed within the context of the statutory scheme to which it belongs, considering the purpose, aim, or policy of the Legislature in enacting the statute." *Id.* at 266. The interpretive process ordinarily ends if the statutory language is unambiguous and consistent with the statute's apparent purpose. *See State v. Johnson*, 415 Md. 413, 421 (2010). Maryland rules are interpreted "by using the same canons of construction that the

3

[C]ourt uses to interpret a statute." *Satterfield v. State*, 483 Md. 452, 474 (2023) (quoting *Fuster*, 437 Md. at 664) (alteration in original).

Based on the plain language of the statute and the rule, "the day of the act," i.e., February 23, 2021, is not included in computing the two-year limitations period. *See* GP § 1-302(a) ("In computing a period of time described in a statute, the day of the act, event, or default after which the designated period of time begins to run may not be included."); Rule 1-203 ("In computing any period of time prescribed by these rules, by rule or order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not included.").

Appellee's contentions to the contrary are unavailing. Appellee argues that *Jalowsky*, 306 Md. at 257, "is inapposite" because it deals with civil law, not the application of a criminal statute of limitations. In that case, however, the Court stated that the purpose of the predecessor to Rule 1-203 was "to establish 'a uniform method of computing any period of time prescribed or allowed by the rules of any court, or by order of Court, or by any applicable statute.'" *Jalowsky*, 306 Md. at 262 (quoting 1941 Md. Laws, ch. 522). *Accord Mayor & Town Council of Oakland*, 392 Md. at 312 (legislature codified the common-law method of time computation in 1941 "with the express purpose of establishing a uniform method of computing any period of time prescribed or allowed by the rules of any Court, or by order of Court, or by any applicable statute") (cleaned up). The rule does not make any distinction between criminal and civil cases, and we cannot add language that would have that effect. *See Green v. State*, 456 Md. 97, 125 (2017) ("Where a Rule's language is clear, a court 'neither add[s] nor delete[s] language so as to

4

reflect an intent not evidenced in the plain and unambiguous language of the Rule.'") (quoting *Williams v. State*, 435 Md. 474, 490 (2013)).

Appellee further asserts that, "because this case involves a matter of statutory interpretation[,] . . . the rule of lenity applies." Citing *Nationstar Mortg. LLC v. Kemp*, 476 Md. 149, 170 (2021), he contends that CJ § 5-106(f) and GP § 1-302(a) "seemingly conflict," and therefore, "this Court is required to embark on an analysis that avoids constructions that are 'illogical or nonsensical, or that render a statute meaningless.'"

The State disagrees. It contends that GP § 1-302(a) "resolves" any ambiguity that arises from CJ § 5-106(f), clarifying that "the day of the act, event, or default after which the designated period of time begins to run *may not* be included" when calculating the statute of limitations. (Emphasis added). Essentially, the State asserts that CJ § 5-106(f) "describes the limitations period for prosecuting the offense of misconduct in office," and GP § 1-302(a) "sets forth the uniform method for computing that time period."

In *Oglesby v. State*, 441 Md. 673, 681 (2015), the Supreme Court of Maryland held that the rule of lenity is an "aid for dealing with ambiguity in a criminal statute." "Under the rule of lenity, a court confronted with an otherwise unresolvable ambiguity in a criminal statute that allows for two possible interpretations of the statute will opt for the construction that favors the defendant." *Id.* There is no need to apply the rule of lenity, however, "unless there is an unresolvable ambiguity in the statute in question." *Id.* at 683. *Accord Albernaz v. United States,* 450 U.S. 333, 342-43 (1981) (the rule of lenity "simply has no application" when the statute is unambiguous); *Jones v. State*, 336 Md. 255, 261 (1994)

5

("The rule of lenity [] is a maxim of statutory construction which serves only as an aid for resolving an ambiguity and it may not be used to create an ambiguity where none exists.").

Here, we agree with the State that there is no ambiguity in the statute. Accordingly, the rule of lenity is not applicable to this case.

Appellee next contends that the language in *Duncan v. State*, 282 Md. 385, 387 (1978), that "[s]tatutes of limitations normally begin to run when the crime is complete," supports the argument that the date of the offense is included when computing the limitations period. In *Duncan*, however, the Court was tasked with solving how to determine the date of the triggering event within a criminal statute of limitations, holding that the statute of limitations does not start to run for crimes that are "continuing in character . . . until the last act is done which viewed by itself is a crime." 282 Md. at 388 (quoting 1 WHARTON'S CRIMINAL LAW AND PROCEDURE § 181 (1957)). *Duncan*, therefore, did not address whether the date of the triggering event is included when computing the time period described in the statute of limitations.

Appellee's reliance on *Mason v. Bd. Of Educ. of Baltimore Cnty.*, 375 Md. 504, 506 (2003), which applied the common law "coming of age" rule that the date of birth is included in the age calculation, so "a person attains a given age on the day preceding the anniversary of their birth," also is misplaced. As the State notes, the "coming of age rule" was used in the "limited context of computing a person's age," and it was an exception to the general rule regarding computing a statute of limitations period. Moreover, the General Assembly subsequently abrogated *Duncan* by enacting GP § 1-303(a), which states that

6

"an individual attains a specified age on the day of the anniversary of the individual's birth," not the day before.

The plain language of GP § 1-302(a) and Rule 1-203 provides that the day of the offense is not included in computing the two-year statute of limitations. The indictment, therefore, was timely filed, and the circuit court erred in granting appellee's motion to dismiss the indictment on the ground that it violated the statute of limitations.

**JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY REVERSED. COSTS TO BE PAID BY APPELLEE.**