# James W. Boyd *vs.* William A. Talbott, Garnishee of Henry F. Hook and Henry Hook.

An attachment on judgment, so far as the issuing of it is involved, is on the same footing with a *fi. fa.* or *ca. sa.*, and cannot be issued more than three years after the rendition of the judgment, unless the latter has been revived by *scire facias.*

Appeal from the Superior Court of Baltimore city.

The record in this case shows that the appellant recovered

judgment against the two Hooks on the 1st of March 1848, on which a *fi. fa.* was issued on the 24th of August following, but was immediately countermanded, and on the same day a *ca. sa.* issued, and was returned on the 2nd Monday of September, *non est* as to one, discharged under the insolvent laws as to the other, of the defendants. On the 6th of October 1848, a *fi. fa.* was issued, and returned on the 2nd Monday of January 1849, "*nulla bona.*" On the 2nd of October 1849, an attachment was issued, and returned on the 2nd Monday of January 1850, "laid in the hands of William A. Talbott, permanent trustee of Henry F. Hook," who appeared and pleaded "*nulla bona,*" and the attachment was regularly continued till the 2nd of March 1852, when the plaintiff suffered judgment of *non suit* by default, and on the same day a *second* attachment was issued, and also laid in the hands of Talbott, who, upon its return, moved to *quash* this writ—1st, because the judgment on which it issued was rendered more than three years before the date of the attachment, and had not been revived by *scire facias.* 2nd, because it was rendered more than a year and a day before the writ issued, and had not been properly kept alive.

The cause was then continued under *curia* till January term 1853, when the plaintiff, after the motion to quash had been argued on both sides, moved for leave to enter on the docket and roll the continuances from January term 1849, regularly through that year to January term 1850. The court (FRICK, J.,) refused to grant this leave, and quashed the attachment, and from the judgment of *cassetur* the plaintiff appealed.

The cause was argued before LE GRAND, C. J., TUCK and MASON, J.

*James Malcolm* and *J. Mason Campbell* for the appellant:

The appellee's first reason for quashing the writ, puts the execution, by way of attachment, in the same category with a *ca. sa.* and *fi. fa.*, and assuming the same rule to be applicable to *it* as to *them*, affirms it to be irregular where they

would have been. The theory then is, that attachments on judgments being executions, are within the equity, though not within the terms of the act of 1823, ch. 194, entitled "An act relating to executions." If this be true, it is fatal to the second point, which proceeds on the assumption that the attachment could only issue within a year and a day, and is, consequently, a denial of the applicability of the act of 1823 to such a writ. Assuming it to be true however, *argumenti gratia*, the question presented by this point is, whether this attachment, being issued after three years, required a preliminary *scire facias* on the judgment to warrant its issue? The present attachment, it will be remembered, is not the first which issued on the judgment. It had been preceded by a previous one in October 1849, when it is conceded by this point that the judgment was alive and the writ issuable. This previous attachment was regularly carried forward by continuances, until the 2nd of March 1852, after the three years had expired, when the plaintiffs suffered judgment by default, and on the same day the present writ issued. Now, that the judgment was alive on that day, there can be no doubt. Had there then been funds in the garnishee's hands, a condemnation would have taken place on the first attachment, and as there are no fractions of a day in law, the present attachment was in time, because the judgment on that day was in force. It is an error to suppose that the rule requiring a *scire facias* to revive a judgment where no execution has issued within the year in England, or the three years in this State, is without exception. *Bacon (Title Execution H.,)* says: "Though the general rule be, that the plaintiff cannot take out execution after the year and day, without a *sci. fa.*, yet it must be understood with these restrictions." And he then proceeds to cite a writ of error, a stay of execution, &c., as not affecting the right to take out execution, even though the year has expired. The same principle is laid down by *Tidd*, (2 *Tidd*, 1155,) and in addition to the exceptional instances mentioned by *Bacon*, he says: "When a *fi. fa.* or *ca. sa.* is taken out within the year, and not executed, a new writ of execution

may be sued out *at any time afterwards*, without a *scire facias*, provided the first writ be returned and filed, and continuances entered from the time of issuing it." This passage is both cited with approval, and explained by the Court of Appeals, in *Mullikin vs. Duvall*, 7 *G. & J.*, 358. The opinion in that case says, "That a judgment may be kept alive and in full legal operation for an indefinite period of time, by the issuing an execution on it within a year and a day, by the law of England, and within three years by the law of this State, and if *such execution is not effective by renewing it from term to term*." The rule, therefore, both in England and Maryland, is, that the judgment is unaffected by any lapse of time, during which process of execution is kept up by the renewal of the writ, whenever it proves ineffective. In this case, the original attachment issued within the three years, was not ascertained to be ineffective until the 2nd of March 1852, and not only at the same term, but on the same day on which it became ineffective, the *alias* or present attachment was issued. It is submitted with great confidence that no *scire facias* was necessary, and that the court below ought not, for this reason, to have quashed the attachment.

(The argument upon the second reason for quashing the writ, need not be stated, because this court held, that the writ was properly quashed for the first reason.)

No counsel appeared for the appellee.

Le Grand, C. J., delivered the opinion of this court.

We are of opinion, independently of all other considerations, that by virtue of the provisions of the act of Assembly of 1834, chapter 189, the judgment of the court below ought to be affirmed. We regard that act as a legislative interpretation of the previous state of the law, and as designed to place an attachment on judgment on precisely the same footing, so far as the issue of it should be involved, as that of a *fi. fa.* or *ca. sa.* The writ in this case having issued more than three years after the rendition of the judgment, and the latter not having been previously revived by *scire facias*, we

think the court did right in quashing it, and accordingly affirm the judgment.

*Judgment affirmed.*