(49 South. 221.)

No. 17,592.

STATE ex rel. FLEMING v. JOYCE et al.

(April 26, 1909.)

ELECTIONS (§ 66*)—QUALIFICATION OF VOTERS —MAJORITY—"MINOR."

The common-law rule that a minor becomes a major "on the beginning of the day preceding the (21st) anniversary" of his birth does not prevail in the state of Louisiana, which by codal provision has adopted the civil-law rule that minors are persons "who have not as yet attained the age of one and twenty years complete." Rev. Civ. Code, art. 37. This provision was taken from the Code Napoleon, and the French commentators all agree that a minor does not become of age until the commencement, at least, of the twenty-first anniversary of his birth. Hence a minor whose twenty-first anniversary will not occur until the next day after the date fixed for an election cannot lawfully register for the purpose of voting thereat.

[Ed. Note.—For other cases, see Elections, Cent. Dig. § 58; Dec. Dig. § 66.*

For other definitions, see Words and Phrases, vol. 5, pp. 4527–4528.]

(Syllabus by the Court.)

Appeal from Tenth Judicial District Court, Parish of Concordia; John Stirling Boatner, Judge.

Proceeding by the State, on the relation of D. B. Fleming, against John J. Joyce, registrar, and Spencer H. Richie. Judgment for relator, and defendant Richie appeals. Affirmed.

Dagg & Dale, for appellant. John Stirling Boatner, Jr., for appellee.

LAND, J. This is a proceeding to strike and cancel from the registration roll the name of Spenser H. Richie, on the ground of his minority at the date of the election for the office of mayor of the village of Ferriday, parish of Concordia, to be held on April 20, 1909.

The case was tried, and there was judgment in favor of relator as prayed for. The defendant Richie has appealed.

It is admitted that the defendant, Richie, registered as a voter in March, 1909, and in his application stated that he would not be 21 years of age until the 21st day of April, 1909; and that the election for mayor, marshal, and councilman in the village of Ferriday is to be held on the 20th day of April, 1909.

The only question raised is whether or not the said Richie will be of age on the day

fixed for said election, or, in other words, whether he will attain his majority on April 20, 1909, or on April 21, 1909.

Living as we do under the régime of the civil law, the provisions of our Civil Code must be consulted before turning to common-law jurisprudence.

Article 37 of the Revised Civil Code reads as follows:

"Minors are those of both sexes, who have not yet attained the age of one and twenty years complete, and they remain under the direction of tutors till that age. When they have attained that age, then they are said to be of full age."

The original French text of the same article reads:

"Les mineurs sont les personnes de deux sexes qui n'ont pas atteint l'âge de vingt-et-un ans accomplis,"

—and was transcribed literally from article 388 of the Code Napoleon.

Baudry-Lancantinerie, in his Treatise of the Civil Law, commenting on article 488 of the Code Napoleon relative to the age of majority, says that the Romans computed the time for attaining the age of majority by hours, de momento ad momentum, and not de die ad diem, and that this is the proper mode of computation under Code Napoleon, art. 388, because another article (57) requires the hour to be inserted in the registration of births. The only difference among the French commentators, according to this author, is as to the particular moment of the twenty-first anniversary at which the minor attains majority, some contending for the first moment of the first hour and others for the last moment of the last hour. Id. vol. 4, pp. 705–707. The same writer says that the political majority is governed by the same principles, except as to the exercise of certain functions. Id. p. 707, note. Mourlon, in discussing Code Napoleon, art. 488, advocates the computation from day to day on account of the express codal adoption of this method in the matter of the suspension of prescription. In the calculation from day to day, the fraction of the day in which the birth took place is not counted. Thus the child born on the 1st day of January, 1860, at noon, will not become a major until the first minute of the 2d day of January, 1881. Id., Examen du Code Napoleon, vol. 1; fol. 622, Nos. 1267–1269.

In the Carpenter-Du Saint "Répertoire Général de Droit Français," vol. 28, folios 62, 63, it is stated that there are three theories or modes of computing the age of majority, viz.:

(1) The minor acquires his majority at the commencement of the anniversary day of his birth. Thus, a minor born June 30, 1883, will become a major June 29, 1904, at midnight.

(2) The minor becomes of full age at the expiration of the anniversary day of his birth. Thus a minor born June 30, 1883, will not become a major until June 30, 1904, at midnight.

(3) Where the hour is fixed in the certificate of birth, majority is computed de momento ad momentum.

Hence, under article 37 of our Civil Code, the proposition that a minor attains "the age of one and twenty complete," or becomes of "full age" on the day preceding his twenty-first birthday, is clearly inadmissible.

The common-law rule that the period of majority "is completed on the beginning of the day preceding the anniversary of the person's birth" does not prevail in the state of Louisiana or any other country under the régime of the civil law.

The judgment below is therefore affirmed.