# In the Matter of the Estate of FRANK V. E. BARDOL, Deceased.

Surrogate's Court, Erie County, November 17, 1937.

*Stanley & Gidley,* for Lillian C. Eyeington and The Marine Trust Company of Buffalo, trustees under the last will and testament of deceased.

*John W. Ryan,* for the administratrix, etc., of deceased.

*David F. Doyle,* for Alice McCarthy Bardol.

HART, S.  This proceeding involves the construction of paragraphs 5 and 6 of the seventeenth clause of the will of the above-named testator, and the determination of the interest of the estate of Franklin V. E. Bardol in and to the trust fund established for his benefit.

The testator died April 9, 1925, leaving him surviving Katherine M. Bardol, his widow, and three minor sons, Franklin V. E. Bardol, Robert G. Bardol and Edgar Bardol.  He died possessed of a large estate and, after making adequate provision for his widow and providing for various annuities and bequests, he bequeathed and devised his residuary estate in trust for his three sons.

The provisions of the will now in controversy are as follows:

" 5. The remainder of the net income from my estate, I direct paid to my sons when they respectively attain the age of twenty-one years, one-third thereof to each.  My intention is to create three separate and distinct trusts, one for each of said sons, the net income from which, after the payment of the annuities above provided for, shall accumulate (except as to such part thereof as may be used for their college education) until they severally arrive at their majorities. When each son arrives at the age of twenty-one years I direct that he be paid the accumulated income on the estate held in trust for him; when he arrives at the age of twenty-five years he shall be paid one-fourth of the principal of said estate, and one-fourth when he is thirty years of age; one-fourth thereof when thirty-five years of age, and one-fourth thereof when forty years of age.  After reaching the age of twenty-one years, each of my said sons shall be paid, subject to the aforesaid annuities, the net income from the estate held in trust for him.

" 6. In the event that any of my said sons shall die before the principal of the trust estate shall have been paid over to him as above provided leaving lawful issue him surviving then, and in such event, the portion of the principal not so paid over to him shall be paid

over to, and be distributed among, his issue *per stirpes*. In the event that he shall die leaving no lawful issue surviving then the portion of the principal not paid over shall be held in trust for and be paid over to, my two other sons, or the survivor, as though it were a part of the original estate devised and bequeathed in trust for their benefit."

The validity of the whole trust fund, so far as it affects the estate of Franklin V. E. Bardol, deceased, is challenged by his widow, Alice McCarthy Bardol.

The will creates a separate and distinct trust for the benefit of each of the sons and expressly provides that each trust shall terminate upon the death of the son for whom it was established.

The will further provides that, upon the death of any son " leaving no lawful issue surviving then the portion of the principal not paid over shall be held in trust for and be paid to my two other sons, or the survivor, as though it were a part of the original estate devised and bequeathed in trust for their benefit."

Upon the death of Franklin V. E. Bardol, therefore, two separate and distinct trusts were created for the benefit of the other two sons, and upon the same terms and conditions as in the original trusts provided, and each trust would terminate in like manner upon the death of the beneficiary for whom it was established.

So far, the trusts thus created can be upheld. If, however, the testator, by the provisions of his will above quoted, intended, in the event of the death of another son, without issue, before arriving at the age of forty years, to create a further trust for the benefit of last surviving son, out of funds constituting one of the trusts created on the death of Franklin V. E. Bardol, a possible suspension of the power of alienation for more than two lives in being would thus be created, in violation of section 11 of the Personal Property Law.

Eliminating this possible illegal portion of the will, we have three separate and distinct trusts, one for each of the sons. Upon the death of Franklin V. E. Bardol there were created two additional separate and distinct trusts, one for each of the surviving sons.

It was provided that each trust should terminate upon the death of the son for whom it was established. The death of another son without issue before attaining the age of forty years might leave the corpus of the one-half share held in trust for him as the result of the death of Franklin V. E. Bardol undisposed of. That question, and to whom that fund would pass in that event, need not now be considered.

There remains for determination the interest, if any, of the estate of the deceased son, Franklin V. E. Bardol, in and to the one-

fourth part of the principal sum of the trust created for him, which was to be paid to him upon his arriving at the age of twenty-five years.

The common law and all the decisions so far rendered in this State are to the effect that a minor becomes of age on the day preceding the twenty-first anniversary of his birth. Franklin V. E. Bardol, the deceased son, was born on November 24, 1911, and, at common law, arrived at the age of twenty-five years on November 23, 1936, the date of his death. Unless the common-law method of computation has been superseded by the provisions of section 20 of the General Construction Law, as amended by chapter 347 of the Laws of 1910, he became, on the day of his death, entitled to the payment of one-fourth of the corpus of the trust created for his benefit. It is a general rule that a statute in derogation of the common law is strictly construed to the end that the common-law system be changed only in so far as the words of the statute require, and it is presumed that the Legislature intended to make no innovation upon common-law rights further than the case requires. I find nothing in the General Construction Law to indicate any intention on the part of the Legislature to alter the common-law rule for computing the age of human beings. It is apparent that the deceased son had arrived at the age of twenty-five years on the day of his death, and that his estate is, therefore, entitled to receive the one-fourth of the corpus of his trust which was to be paid to him when he arrived at such age, with the income thereon accruing since such date.

Let a decree be entered in accordance with this decision.