YINGLING ET AL. *v.* SMITH, Ex'r of the Estate of John N. Yingling

[No. 18, September Term, 1970.]

*Decided October 16, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*J. Thomas Nissel,* with whom was *C. Rogers Hall, Jr.,* on the brief, for appellants.

*William B. Dulany,* with whom were *Donald M. Smith* and *Dulany, Davis & Smith* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

We have before us an appeal from a grant of the defendant-appellee's motion for summary judgment in the court below. The narrow legal question presented to us is whether or not a bill of complaint filed September 20, 1968, satisfies the statutory requirement of "filing within six calendar months after" the appointment of an executor on March 19, 1968.

The appellants, plaintiffs below, filed a bill of complaint against the appellee, in his capacity as executor of the estate of John N. Yingling, requesting specific performance of a contract allegedly entered into between John N. Yingling (John) and his sister, Grace Yingling (Grace), who predeceased him. The contract allegedly provided that John and Grace would execute reciprocal wills giving each other a life estate in the property of the other, and granting the appellants (their nephews) a residuary estate after the eventual demise of the survivor of either John or Grace. The appellants, in their bill of complaint filed on September 20, 1968, allege that to their "irreparable damage" and "severe loss," John changed his will after the death of his sister. The appellee answered and raised the issue, *inter alia,* of whether the appellants had filed suit within the six months limitation stated in Article 93 of the Maryland Code. After hearings on this

question, appellee filed his motion, for summary judgment. It is from the granting of this motion that the appellants bring this appeal.

Maryland Code (1964 Repl. Vol.), Art. 93, § 112 (as amended by Ch. 642 of the Acts of 1966) provides in pertinent part: [1]

"* * * and they [executor or administrator] shall be liable to be sued in any court of law or equity, in any action (except slander) which might have been maintained against the deceased; * * * provided, however, that any such action maintainable against an executor or administrator must be commenced within six calendar months after the date of the qualification of the executor or administrator of the testator or intestate * * *."

Appellant contends that, according to the formula for computation of time set out in Code (1964 Repl. Vol.), Art. 94, § 2 and Maryland Rule 8, his filing of the bill of complaint comes within the six months statute of limitations set out above. However, we think this contention runs contrary to the clear language of Art. 94, § 2 of the Code which reads as follows:

"In computing any period of time prescribed or allowed by an applicable statute, the day of the act, event, or default, after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included unless: (1) It is a Sunday or a legal holiday, in which event the period runs until the end of the next day, which is neither a Sunday or a holiday; or, (2) the act to be done is the filing of some paper in court and the office of the clerk of said court on said last day of the period is not open, or is closed for a part of a day, in which event, the period runs until

---

1. Recodified as Maryland Code (1969 Repl. Vol.) Art. 93, § 8-103.

the end of the next day which is neither a Sunday, Saturday, a legal holiday, or a day on which the said office is not open the entire day during ordinary business hours. When the period of time allowed is more than seven days, intermediate Sundays and holidays shall be considered as other days; but if the period or time allowed is seven days or less, intermediate Sundays and holidays shall not be counted in computing the period of time."

Maryland Rule 8 recites verbatim the formula for computation set forth above in Art. 94, § 2.

It is manifest from a reading of the above provision that the computation of the six calendar months in the statute of limitations must exclude March 19, 1968. The time for filing commenced on March 20, 1968, and ended on the last day of the "period so computed." Appellant urges that this period runs *up to and including* September 20, 1968, and for that reason, summary judgment should not have been granted. We disagree, and affirm the order of the lower court.

We must, for a proper interpretation of the meaning of Art. 93, § 112, determine exactly what is meant by a calendar month. We hold that a calendar month is the period of time running from the beginning of a certain numbered day up to, *but not including,* the corresponding numbered day of the next month, and if there is not a sufficient number of days in the next month, then up to and including the last day of that month. Stated differently, a calendar month runs from the first moment of a given day in month X and expires at midnight of the day before the same numerical day in month Y. In the case before us, the six month period provided for bringing a suit against an executor or administrator commenced on March 20, 1968, and expired at midnight on September 19, 1968.

This formula, though not enunciated in any Maryland case, was nevertheless applied by this Court in *Stiegler*

*v. Eureka Life Insurance Co.,* 146 Md. 629, 127 A. 397 (1925). In *Stiegler* an insurance company brought suit to recover proceeds of an insurance policy allegedly procured by fraud, and the question arose as to whether bills of exception were signed within the three month period during which the record was to be sent to the Court of Appeals. This Court ruled (for the purpose of determining whether or not the bills were signed in time) that, when an appeal was filed on February 25, 1924, the end of the three month period for transmission of the record was May 25, 1924. Although not explicitly stated in this opinion, it is obvious that the rationale behind such a holding was that February 25, 1924, the day on which the bill of exceptions were filed, was not to be included in the time computation and that the three month period began on the next following day, namely, the 26th of February and thus ended on May 25, three calendar months later.

To accept the appellant's interpretation of Art. 93, § 112 would be to say, in effect, that the calendar month of January begins at 12:01 of January 1st and expires at midnight of February 1st instead of midnight of January 31st. Such a holding would be an expansion of the generally accepted rule, and an unwarranted extension of the statute. For decisions from other jurisdictions which have applied essentially the same formula we presently apply, see *Kennedy v. Pilot Life Ins. Co.,* 4 N.C.App. 77, 165 S.E.2d 676 (1969), *Krajniak v. Wilson,* 157 Conn. 126, 249 A. 2d 249 (1968), and *In re Lynch's Estate,* 123 Utah 57, 254 P. 2d 454 (1953).

Our decision gives effect to the purposes of Art. 93, § 112 of the Code, as previously set forth in *Bertonazzi v. Hillman,* 241 Md. 361, 216 A. 2d 723 (1966). In *Bertonazzi* this Court, speaking through Hammond, C. J., stated:

"\* \* \* Statutes of limitations are designed primarily to assure fairness to defendants on the theory that claims, asserted after evidence is . gone, memories have faded, and witnesses dis-

appeared, are so stale as to be unjust. The six-month statute of limitations in suits against executors or administrators has the added purpose of requiring claimants seeking damages resulting from the negligence of a decedent to make claim by suit within six months so that the personal representative of the decedent can make the prompt settlement of the estate contemplated by the law without liability for claims not filed within the time and in the manner prescribed." 241 Md. at 367.

The appellee further presented what he considered to be a threshold issue. Essentially, it was his contention that because the appellants had not denied in their answer to the motion for summary judgment the allegations as to their failure to comply with the six month limitations imposed by Art. 93, § 112 of the Code, such a failure on the part of the appellants should be considered to have been admitted.[2] Appellee further urged, apparently on the theory that the question of compliance with the limitations imposed in the Code was a factual question, that this Court should be bound by those admissions and not consider the substance of this appeal. However, since we deem this issue of computing limitations sufficiently important to be dealt with by this Court and have considered the merits of the case on that point, which we decide in favor of the appellee, we see no need to prolong this opinion by a discussion of the *in limine* arguments raised by him.

> *Order of the lower court affirmed; appellants to pay costs.*

---

2. See Maryland Rule 372 b.