Luedora **FISHER** et al., Plaintiffs,

v.

Sidney E. **SMITH**, Director of the Department of Public Assistance of the State of Washington, Defendant.

**Civ. No. 8770.**

United States District Court,
W. D. Washington.

Nov. 18, 1970.

Lar Halpern, Legal Services Center, Seattle, Wash., for plaintiffs.

Slade Gorton, Atty. Gen., Walter E. White, Asst. Atty. Gen., Olympia, Wash., for defendant.

Before HAMLEY, Circuit Judge, and LINDBERG and BEEKS, District Judges.

## OPINION

LINDBERG, District Judge.

The present suit is a class action brought against the Director of the State Department of Public Assistance by parents of families receiving welfare assistance under the joint federal-state Aid to Families with Dependent Children (AFDC) program. Plaintiffs are contesting the validity of a Department regulation, WAC 388–28–065,[1] which provides:

For each applicant living in his own home:

1. The food requirement shall be the appropriate figure in § 8.21 according to age, sex, and size of household. (See exception in § 8.15)

2. The clothing requirement shall be the appropriate figure in § 8.22 according to sex, age, and activity.

1. The Washington Administrative Code (WAC) is the official publication of the rules and regulations of the Department of Public Assistance, as amended by Manual II of the Department of Public Assistance.

3. The personal maintenance and necessary incidental requirements shall be the appropriate figure in § 8.23 according to age.

Up to July 1, 1966, age for the purpose of determining the above requirements will be the attained age as of January 31, 1966. After July 1, 1966, age will be computed as of the preceding June 30.

The first three clauses above have the effect of making the amount of assistance available to an AFDC family directly dependent upon the ages of the children in the family. As a general rule, the older each child is, the greater the amount of assistance provided by AFDC.[2] The manner in which the Department determines a child's age may, consequently, be of critical importance to a family dependent upon AFDC assistance.

The last paragraph of WAC 388–28–065 controls the Department's determination of what a child's age is. Pursuant to this paragraph the Department does not use the actual age of a child in determining the level of benefits his family is entitled to receive; it uses instead an artificial age computed in accordance with the formula set out in the regulation. Under this "artificial age provision" a child's age as of June 30 of each year is established as the child's AFDC age for the next twelve months, irrespective of the child's actual age during that period. Thus a child might turn thirteen on July 2 of a given year and yet not become eligible to receive that level of assistance deemed necessary for a thirteen year old child until June 30 of the following year.

Plaintiffs here all have children who have reached an age which would entitle their families to higher levels of assistance were the Department on an actual age basis rather than the fictitious age one. Several of the children celebrated birthdays as early as July 1969, but, because of an artificial age regulation, adjusted AFDC benefits were not available to their families until June 30, 1970— nearly a year after the age had actually been attained.[3]

That situation has precipitated this action by plaintiffs on behalf of themselves, their natural and foster children and "all others similarly situated." The chief relief they seek is an injunction preventing the Director of the Department from enforcing the artificial age provision of WAC 388–28–065.[4] They contend that this provision violates the Equal Protection Clause of the Fourteenth Amendment and subverts basic policies and purposes of both the Social Security Act of 1935 and the public assistance legislation of the State of

2. For example, the monthly standard for clothing allowance for AFDC–E (families with unemployed parent) and AFDC–R (regular AFDC) is as follows:
Boy or girl, 16 through 20 years .. $12.60
Boy or girl, 13 through 15 years .. 12.15
Child, 10 through 12 years ...... 10.75
Child, 6 through 9 years ........ 9.50
Child, 3 through 5 years ........ 7.65
Child, birth through 2 years ..... 4.80
WAC 388–28–090. For personal incidentals the schedule is as follows:
Boy or girl, 16 through 20 years .. $10.85
Boy or girl, 13 through 15 years .. 8.75
Child, 10 through 12 years ...... 5.65
Child, 6 through 9 years ....... 4.20
Child, 3 through 5 years ....... 2.60
Child, birth through 2 years ..... 1.55
WAC 388–28–095.

3. One of plaintiff Fisher's daughters turned 10 on July 1, 1969; another turned 6

on April 10, 1970. Plaintiff Smith's son turned 13 on July 12, 1969. One of plaintiff Ward's sons turned 10 on September 12, 1969; another son turned 13 on November 27, 1969. Plaintiff Henderson's son turned 3 on July 19, 1969. Plaintiff Kenney's son turned 13 on July 15, 1969. Plaintiff Smalley's son turned 10 on September 18, 1969.

4. Plaintiffs also seek retroactive payments or damages for themselves and their class for the amount of assistance they claim they would have been entitled to but for the application of WAC 388–28–065. The parties have stipulated that the issue of retroactive payments and damages, and the factual matters necessary for computation of such payments, be reserved for later hearing.

Washington. They also charge that the regulation is inconsistent with specific provisions of the Social Security Act and various federal regulations promulgated thereunder. They also contend that it contravenes the common law rule, as adopted by the State of Washington, for computing ages.

■ We have determined that this case is properly a class action.[5] We have also determined that a substantial constitutional question has been raised and that plaintiffs' request for injunctive relief restraining defendant from the enforcement of a state-wide regulation on the ground of its unconstitutionality requires that this case be treated by a three judge court. Under the pendent jurisdiction of the Court we have proper jurisdiction over those challenges to WAC 388–28–065 which are not of a federal nature. United Mine Workers v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

■ We have concluded that the Department of Public Assistance was not authorized under Washington law to employ a fictitious birth date when determining the level of assistance to which an AFDC child is entitled, and we therefore find it unnecessary to consider the further statutory and constitutional issues raised by plaintiffs.

■ The common law rule for computing age is that one is deemed to have reached a given age at the earliest moment of the day preceding an anniversary of birth. See, e. g., People v. Schneider, 194 Misc. 746, 87 N.Y.S.2d 680, rev'd on other grounds, 276 App.Div. 781, 92 N.Y.S.2d 649 (1949); In re Bardol's Will, 164 Misc. 907, 300 N.Y.S. 60 (1937), aff'd 253 App.Div. 498, 4 N.Y. S.2d 795, aff'd 278 N.Y. 543, 16 N.E.2d 96 (mem.) (1938); 5 A.L.R.2d 1143 (1949). The Washington Supreme Court has never considered this rule, but RCW 4.04.010 provides that:

> The common law, so far as it is not inconsistent with the Constitution and laws of the United States or of the state of Washington nor incompatible with the institutions and the condition of society in this state, shall be the rule of decision in all the courts of this state.

The only authority directly regarding the applicability of the common law rule for determining age is a September 7, 1966 opinion from the Washington State Attorney General's office regarding the method to be used to determine when a person arrives at the legal voting age. That opinion stated that "neither the constitution nor the legislature has provided a method of computing the age of a person. Accordingly, in the absence of some constitutional or statutory prescription for determining age, we must look to the common law." From the general principles stated in RCW 4.04.-010, supplemented by the 1966 opinion of the Attorney General, it would appear that under Washington law a person reaches a designated age on the day preceding the anniversary of his birth.

■ The Department of Public Assistance has wide discretion in establishing the standards of need to be used in determining the level of benefits available to AFDC children. King v. Smith, 392 U.S. 309, n. 14, 88 S.Ct. 2128, 20 L. Ed.2d 1118 (1968); RCW 74.08.040. The Department was not obligated to draw the standards in such a way that the level of benefits was correlative to the age of the AFDC child to be benefitted. In fact, however, it did. The ultimate question in the present case, then, is whether the Department, once having made the determination that need is to be dependent upon age, is authorized to arbitrarily define how "age" is to be computed.

---

5. We have concluded only that this is a proper class action for purposes of testing the validity of WAC 388–28–065.

The question of retroactive payments or damages may involve different considerations.

We hold that it is not. The general law of this state appears to be that age, for legal purposes, is determined under the common law formula. The Department of Public Assistance is an administrative agency. It has only those powers expressly given it by statute or necessarily implied therefrom. State ex rel. Eastvold v. Maybury, 49 Wash.2d 533, 304 P.2d 663 (1956); Northern Pacific Railway Co. v. Denney, 155 Wash. 544, 285 P. 452 (1930). There is nothing in the Department's grant of authority which indicates that the legislature intended to authorize the Department to establish a method of determining age which would contravene the general law of the State. Insofar as the final paragraph of WAC 388–28–065 establishes fictitious ages for AFDC children, it is unauthorized by law and is of no effect.

A judgment and decree in accordance with the foregoing opinion shall be presented by counsel for plaintiffs within ten (10) days of entry of this decision.