826 A.2d 433

Shelley MASON

v.

BOARD OF EDUCATION OF BALTIMORE COUNTY, et al.

No. 44, Sept. Term, 2002.

Court of Appeals of Maryland.

June 16, 2003.

John H. Morris, Jr., Baltimore, for petitioner.

Edmund J. O'Meally (Hodes, Ulman, Pessin & Katz, P.A., on brief), Towson, for respondents.

Argued before BELL, C.J., ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

RAKER, J.

We granted certiorari to consider the issue of when, for purposes of § 5–201 of the Courts and Judicial Proceedings Article,[1] a minor become an adult—the day before the minor's eighteenth birthday or on the day of the birthday? We shall hold, consistent with the common law rule (the coming of age rule) for computing a person's age, the day that the person was born is included in the calculation so that a person attains a given age on the day preceding the anniversary of their birth.

Shelley Mason, petitioner, was born on April 4, 1979. Along with her mother, she filed a complaint in the Circuit Court for Baltimore County on April 4, 2000, seeking relief in negligence against the Board of Education of Baltimore County, her middle school principal, and her teacher, respondents, for an asserted breach of duty committed by the middle school principal and a school teacher. The complaint alleged that the breaches occurred while petitioner was a minor, 14 years old. Respondents moved for summary judgment. Applying the common law rule, the Circuit Court for Baltimore County held that the plaintiff, Shelley Mason, became of age on April 3, 1997, and that she had until three years after that date to file this suit. The court granted summary judgment in favor of the Board of Education on the grounds that the action was barred by limitations because it had been filed one day late.

The Court of Special Appeals affirmed. *Mason v. Board of Education of Baltimore County*, 143 Md.App. 507, 795 A.2d 211 (2002). The court held that for the purpose of determin-

---

1. Unless otherwise indicated, all subsequent statutory references shall be to Maryland Code (1998, 2001 Repl.Vol.) § 5–201 of the Courts and Judicial Proceedings Article.

ing when the disability of infancy is removed within the meaning of § 5–201, "the disability is removed the day prior to the anniversary of the person's birth, and the limitations period expires the day prior to the anniversary of the person's birth." *Id.* at 508, 795 A.2d at 211. We granted certiorari and shall affirm.

Section 5–201 provides, in pertinent part, as follows:

"(a) Extension of time.—When a cause of action subject to a limitation under Subtitle 1 of this title or Title 3, Subtitle 9 of this article accrues in favor of a minor or mental incompetent, that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."

Because petitioner was a minor at the time of the alleged incidents, the statute of limitations for her cause of action was tolled under § 5–201 until three years following her attainment of the age of majority. Under Maryland Code Art.1 § 24 (Age of Majority Act), the age of majority is eighteen years. In determining whether petitioner filed her complaint within the allowed period, we must determine the date on which petitioner reached the age of majority such that the disability of infancy was removed.

Petitioner was born on April 4, 1979, and reached the 18th anniversary of her birth, her 18th birthday, on April 4, 1997. Petitioner therefore argues that April 4, 2000, was within the three year tolling allowed by § 5–201. Petitioner's argument conforms to the general rule for the computation of time. Under the law of this State, a period of time is generally computed such that "the day of the act, event, or default after which the designated period of time begins to run is not included" and "[t]he last day of the period so computed is included." Maryland Rule 1–203. *See also,* Maryland Code Art. 1, § 36. These provisions represent a codification of the English common law, and have been applied in determining the durations of statutes of limitation in this and other states. *See Yingling v. Smith,* 259 Md. 260, 269 A.2d 612 (1970); N.J. Marini, *Inclusion or Exclusion of First and Last Day for*

*Purposes of Statute of Limitations,* 20 A.L.R.2d 1249 (1951) (citing cases).

■ Since the Seventeenth Century, however, the common law has recognized an exception to this general rule. *See* R.F. Martin, *Inclusion or Exclusion of the Day of Birth in Computing One's Age,* 5 A.L.R.2d 1143, 1143 (1949). In computing a person's age, the day upon which that person was born is included, and she therefore reaches her next year in age at the first moment of the day prior to the anniversary date of her birth. *Id.* Thus, under the rule, because petitioner was born on April 4, 1979, she became one year old on April 3, 1980. By extension, petitioner reached 18 years of age on April 3, 1997, the day before her 18th birthday. The origin of this exception to the general rule requires some explanation.

The coming of age rule is the product of a legal fiction, adopted by the law for the sake of expediency and uniformity of interpretation, in the absence of contradictory statutory language. *See infra* note 5. The law, in both Seventeenth Century England and today, takes no notice of fractions of a day in computing the age of an individual. *See In re Harris,* 5 Cal.4th 813, 21 Cal.Rptr.2d 373, 855 P.2d 391, 409 (1993); *Erwin v. Benton,* 120 Ky. 536, 87 S.W. 291, 295 (1905); *People v. Anderson,* 108 Ill.App.3d 563, 64 Ill.Dec. 136, 439 N.E.2d 65, 71 (1982); *Nichols v. Ramsel,* 86 Eng. Rep. 1072 (C.P.1677).[2] While there are exceptions to the rule, such as the priority of liens or deeds filed on the same day, a day is usually considered by the law to encompass a single, indivisible moment in time. Such a uniform method of calculating the passage of time is said to avoid disputes.

"Though arbitrary and palpably untrue, that fiction has its justification in the ease and simplicity it brings to calcula-

---

**2.** This was not always the case. Under Roman law, time was calculated, not day to day, but "de momento en momentum." *Patterson v. Monmouth Regional High School Bd. of Educ.,* 222 N.J.Super. 448, 537 A.2d 696, 698 (1987). *See also, State v. Joyce,* 123 La. 637, 49 So. 221, 221 (1909) (comparing time computation under common law, Roman law, and civil law derived from the Code Napoleon).

tion. To compute interest on a note, for instance, one needs to know only the dates of drawing and paying. Hours and less units are treated as though nonexistent."

Martin, 5 A.L.R.2d 1143, § 2.

This State adopted the common law of England in Article 5 of the Maryland Declaration of Rights. *See Tharp v. State,* 362 Md. 77, 93 n. 7, 763 A.2d 151, 159 n. 7 (2000); *Carolina Freight Carriers Corp. v. Keane,* 311 Md. 335, 534 A.2d 1337 (1988). In so doing, this State adopted the legal principle that the law does not recognize fractions of a day. *See, Barker v. Borzone,* 48 Md. 474, 491–92 (1878); *Boyd v. Talbott,* 7 Md. 404, 406 (1855). The common law principle was reiterated several years ago in *Parker v. State,* 61 Md.App. 35, 484 A.2d 1020 (1984). In *Parker,* the defendant was convicted as an adult of an attempted robbery which occurred at 9:45 a.m. on March 11, 1983. The defendant argued that the circuit court lacked jurisdiction to try him as an adult. He claimed that because he was born at 12:50 p.m. on March 11, 1965, he had not become eighteen years of age until several hours after the crime occurred, and therefore should not have been tried as an adult. The Court of Special Appeals disagreed, recognizing as "well-established" that the law will not recognize fractions of a day. *Id.* at 38, 484 A.2d at 1021.[3]

Although the fiction that a day has no fractions has been contested on several occasions, no majority opinion has chosen to do away with the assumption for the purpose of calculating a person's age. *See State v. Wright,* 24 Kan.App.2d 558, 948 P.2d 677, 682 (1997). In *Ellingham v. Morton,* 116 A.D.2d 1032, 498 N.Y.S.2d 650 (N.Y.App.Div.1986) (Doerr, P.J., dissenting), Presiding Justice Doerr suggested that the common law principle of not recognizing fractions of days in computing time was a fiction that should not be retained. *Id.* at 651. To

---

**3.** The intermediate appellate court considered, but did not resolve, the question here presented. *See Parker,* 61 Md.App. at 39, 484 A.2d at 1022 ("we need not address the status of the 'day before' rule because in this case [the defendant] committed the criminal act *on* his natal day, not the day *preceding* it").

date, this opinion has not been adopted by any court. *See Wright,* 948 P.2d at 682.

Having adopted the fiction of days without fractions, courts beginning at least as far back as the Seventeenth Century adopted the coming of age rule as a necessary corollary. 1 Blackstone's Commentaries 463. Two reasons are given in support of the rule, one mathematical and the other equitable. The mathematical rationale behind the coming of age rule is based on the fiction that a person comes into existence at the first moment of the day. Because a person "is in existence on the day of his birth, . . . he has lived one year and one day on the first anniversary of his birth." *Velazquez v. State,* 648 So.2d 302, 304 (Fla.Dist.Ct.App.1995); *Harris,* 21 Cal.Rptr.2d 373, 855 P.2d at 408; *State v. Alley,* 594 S.W.2d 381, 382 (Tenn.1980). While some courts claim this logic to be "unassailable," others declare it clearly against common sense. *Compare id., with Harris,* 21 Cal.Rptr.2d 373, 855 P.2d at 411. Before dismissing the coming of age rule as a work of fiction, however, we reiterate the insight of another court that, "[w]hether we compute age by the common-law method (counting the date of birth), or by our uniform method (excluding the date of birth) we are diverging from what, in fact, is real." *Patterson v. Monmouth Regional High School Bd. of Educ.,* 222 N.J.Super. 448, 537 A.2d 696, 698 (1987). This State has never utilized mathematic exactitude in computing time.

The equitable justification for the coming of age rule states that the rule is necessary to protect individuals who would be harmed by the law's refusal to recognize fractions of days. *See e.g., United States v. Tucker,* 407 A.2d 1067, 1070 (D.C. 1979). Courts reasoned that once a person reached the age of majority, they were entitled to the benefits of that age: voting, entering into contracts, binding oneself and one's property as an adult. The coming of age rule was a method of ensuring that an individual would achieve these benefits in full:

"Time is continuous, and, of course, is not in fact severable. There is no instant between the ending of one period and

the beginning of the succeeding one. When 21 years have passed, the twenty-second year had begun. So, if it were said that 21 years must actually pass before one is of full age, it would follow that he would be more than 21 in fact before he attained to the privileges which the common law gives to one who is just 21 years old."

*Erwin,* 87 S.W. at 295. *See also, Tucker,* 407 A.2d 1067, 1070; Martin, 5 A.L.R.2d at 1148. By allowing a person to age on the day preceding the anniversary of their birth, it is ensured that the person will not lose part of their adulthood to a legal fiction. *See Fisher v. Smith,* 319 F.Supp. 855, 858–59 (W.D.Wash.1970) (applying the rule to allow voting in election on day before birthday); *In re Bardol's Will,* 164 Misc. 907, 300 N.Y.S. 60, 64 (N.Y.Surr.Ct.1937) (entitling beneficiary's estate to proceeds of trust where beneficiary died on day before 25th birthday); *Commonwealth v. Howe,* 35 Pa.Super. 554 (1908) (preventing conviction of defendant for rape of female under age 16 where relations occurred on day before her 16th birthday); *Herbert v. Turball,* 83 Eng. Rep. 1129 (K.B.1663) (validating will made by testator in his minority which was republished the day before his 21st birthday). Regardless of the rationale behind it, the coming of age rule "has been followed for such a long period of time that it has achieved a status of its own." *State v. Brown,* 443 S.W.2d 805, 807 (Mo.1969) (en banc); *Nelson v. Sandkamp,* 227 Minn. 177, 34 N.W.2d 640, 642 (1948).

This Court has yet to address the application of the coming of age rule.[4] We did identify the rule in *Carolina Freight*

---

4. The Attorney General has indicated, in a series of opinions, that the coming of age rule has been incorporated into the law of this State. *See* 23 Op. Att'y Gen. 211 (1938); 17 Op. Att'y Gen. 150 (1932); 11 Op. Att'y Gen. 110 (1926). In each of these cases, the Attorney General opined that, due to the rule, an individual whose twenty-first birthday fell on the day after an election was eligible to vote in that election. Our decision is not controlled by these opinions. Nonetheless, the opinions provide evidence that voters in this State have benefitted from the application of the coming of age rule. Such evidence belies petitioner's claim that this "arcane" rule is without modern significance. "The Court ... has been particularly reluctant to alter a

*Carriers Corp. v. Keane,* 311 Md. 335, 534 A.2d 1337 (1988). In *Keane,* we cited the coming of age rule, but did not have cause to apply it under the facts of that case. *See id.* at 345, 534 A.2d at 1342. The Court was called on to interpret the duration of time during which a person is within the age limitation set forth in § 3–904(e)(1) of Maryland's Wrongful Death Act. The Court rejected the argument, based on the coming of age rule, that people who are 21 are only those who have reached the day preceding their birthday, but not yet reached their birthday. Relying upon the wording of the statute and the legislative history, we held the phrase "21 years old or younger" included "the entire twenty-first year of children 21 years old but under the age of 22 years." *Id.* at 347, 534 A.2d at 1343. Contrary to petitioner's argument, we did not address the date upon which a person becomes 21 years of age, nor did we disavow the continuing legitimacy of the coming of age rule.

As conceded by respondents and the courts below, this interpretational rule of computing ages is contrary to the popular notion that a person is deemed a year older on the anniversary of his birth. Indeed, the coming of age rule has been the subject of criticism for a long time. *See Howe,* 35 Pa.Super. at 554 (noting treatises criticizing the coming of age rule but conceding that it had been established law for over 200 years); *Erwin,* 87 S.W. at 295 ("Prof. Minor assails the doctrine as absurd. Redfield also seems to regard it as 'a blunder.' " (citations omitted)).

Nonetheless, this exception remains in effect in the majority of jurisdictions which adopted the common law general rule. *See* Martin, 5 A.L.R.2d at 1147 (citing cases). We have found only two cases that have refused to apply the coming of age rule when calculating the tolling of a statute of limitations due to infancy. *See Fields v. Fairbanks North Star Borough,* 818 P.2d 658, 661 (Alaska 1991); *Patterson,* 537 A.2d at 699.

---

common law rule in the face of indications that to do so would be contrary to the public policy of this State." *Harrison v. Montgomery County Bd. of Educ.,* 295 Md. 442, 460–63, 456 A.2d 894, 903 (1983).

Each of these cases relies on the belief that the coming of age rule, although a part of the common law, retains no beneficial purpose for society, and merely "foreshortens the protections with which we blanket infants." *Id.* This argument stems from a line of cases which have chosen to abrogate by judicial decision the coming of age rule for the purpose of determining jurisdiction over criminal juveniles. *See Commonwealth v. Iafrate,* 527 Pa. 497, 594 A.2d 293, 295–96 (1991); *Tucker,* 407 A.2d at 1070.

The origin of this line of opinions, what amount to an exception to the exception, is the case of *People v. Stevenson,* 17 N.Y.2d 682, 269 N.Y.S.2d 458, 216 N.E.2d 615 (1966). In *Stevenson,* the New York Court of Appeals, reversing an intermediate appellate court decision, adopted the reasoning of the dissent. *See id.* at 616 (adopting dissenting opinion of Judge Christ in *People v. Stevenson,* 23 A.D.2d 472, 262 N.Y.S.2d 238 (N.Y.App.Div.1965) (Christ, J., dissenting)). The defendant challenged his criminal conviction for manslaughter in the second degree on the grounds that on the day of the crime, one day prior to his sixteenth birthday, he was not yet 16 years of age, and therefore entitled to treatment as a juvenile offender under § 712 of New York's Family Court Act. The majority of the appellate division court applied the common law rule to find that the defendant had reached 16 years of age on the day prior to his birthday. *Stevenson,* 262 N.Y.S.2d at 242.

Writing in dissent, Judge Christ, stated that the common law rule should not be followed "in a situation which invites a reasonable departure from the rule." *Stevenson,* 262 N.Y.S.2d at 242 (Christ, J., dissenting). The dissent noted that the purpose of the statute was to aid "persons less than sixteen years of age," and that application of the coming of age rule would deprive the defendant of the benefit of the statute. *Id.* at 243. Judge Christ stated, and the New York Court of Appeals agreed, "that defendant should [not] be treated as a fully mature adult merely because of the application of a legal fiction." *Id.*

Petitioner attempts to analogize this line of cases to the case *sub judice.* Like the juvenile statutes, she argues, § 5–201 is designed to protect the interests of minors. Petitioner argues that the legislative intent of the statute suggests that it ought not be construed so as to create a "pleading trap" for those it was designed to protect. We do not find this argument convincing.

■ The statute required petitioner to file her claim within "three years ... after the date the disability was removed." § 5–201. Under the coming of age rule, she attained 18 years of age on April 3, 1997, and the disability was removed as of that date. Under our statutory method of computation, April 3, 1997, the date of removal of the disability, was not included in the three-year period. *See* Maryland Code Art. 1, § 36. Thus, the statute of limitations began to run on April 4, 1997, and ended April 3, 2000. Even applying our standard rules of construction in interpreting a statute of limitations, petitioner was still one day late.

We do not believe that the affirmation of a principle which has been in existence for over three centuries and remains the law of most states can be deemed a "pleading trap." Such a departure from the common law is more properly the domain of the legislature.[5] *See Harrison v. Montgomery County Bd.*

---

5. To be sure, the coming of age rule is a principle of interpretation to be applied where the legislature has not selected statutory language to the contrary. For example, in some jurisdictions, the coming of age rule has been abrogated by statute. *See* Tex. Penal Code Ann. § 1.06 (2002) ("A person attains a specified age on the day of the anniversary of his birthdate."); Cal. Fam.Code § 6500 (2001) ("A minor is an individual who is under 18 years of age. The period of minority is calculated from the first minute of the day on which the individual is born to the same minute of the corresponding day completing the period of minority.").

Our Legislature has abrogated the coming of age rule in the following provisions of the Maryland Code, where time is computed according to the attainment of "birthdays": Md.Code (1974, 2002 Repl.Vol.) § 3–8A–06 of the Courts and Judicial Proceedings Article (indicating circumstances under which juvenile court can waive jurisdiction over a child "who has not reached his 15th birthday"); Md.Code (1974, 2002 Repl.Vol.) § 3–8A–19 of the Courts and Judicial Proceedings Article

*of Educ.,* 295 Md. 442, 458–61, 456 A.2d 894, 902–04 (1983). We disagree with petitioner that requiring her to file her complaint by the day preceding the anniversary of her birth amounts to an abrogation of the time extension offered to minors. Our holding today reduces petitioner's perceived extension of three years by only one day. Practically speaking, we cannot believe that this in any way prevents the timely filing of a cause of action by an individual injured as a minor.

---

(indicating suspension of driving privileges for child to commence "on the date the child reaches the child's 16th birthday"); Md.Code (1978, 2001 Repl. Vol., 2002 Supp.) § 15–106.1 of the Education Article (defining "foster care recipient" based upon residence in a foster care home "on the individual's 14th birthday"); Md.Code (1975, 2001 Repl.Vol.) § 13–207 of the Estates and Trusts Article (giving priority in appointment as guardian for minor to person nominated by the minor "after his 16th birthday"); Md.Code (1975, 2001 Repl.Vol.) § 13–503 of the Estates and Trusts Article (entitling a "minor who has reached his 15th birthday" to contract for annuities or life or health insurance); Md.Code (1975, 2001 Repl.Vol.) § 13–702 of the Estates and Trusts Article (providing that court will appoint a guardian designated by the minor if "the minor has attained his 14th birthday"); Md.Code (1985, 1999 Repl.Vol.) § 5–1006 of the Family Law Article (limiting paternity proceedings to "any time before the child's eighteenth birthday"); Md.Code (1997, 2002 Repl.Vol.) § 16–508 of the Insurance Article (limiting maturity date of an annuity contract to not later than "the later of the contract anniversary immediately following the annuitant's 70th birthday or the tenth anniversary of the contract"); Md.Code (1974, 2000 Repl.Vol.) § 5–418 of the Natural Resources Article (creating qualification for "tree expert" license that applicant has "attained his eighteenth birthday"); Md.Code (1993, 1997 Repl.Vol., 2002 Supp.) § 29–303 of the State Personnel and Pensions Article (providing that pensions for state employees and teachers shall begin "on the first day of the month following the member's 55th birthday"); Md.Code (1978, 2001 Repl.Vol.) § 16–114.1 of the Transportation Article (stating that a corrected photo license will expire either "on the birth date of the licensee in the fifth year following the issuance of the license," or "60 days after the driver's 21st birthday"); Md.Code (1978, 2001 Repl.Vol.) § 16–115 of the Transportation Article (stating that a driver's license will expire either "on the birth date of the licensee in the fifth year following the issuance of the license," or "60 days after the driver's 21st birthday"); Md.Code (1978, 2001 Repl.Vol.) § 16–206 of the Transportation Article (stating suspension of driving privileges for person without license who is under 16 years of age at time of suspension will begin "on the date the child reach's the child's 16th birthday"); Md. Code (1957, 1998 Repl.Vol., 2002 Supp.) Art. 88A, § 3 (allowing that child welfare services provided by the State Department "to persons

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED, WITH COSTS.*

Dissenting Opinion by ELDRIDGE, J., in which BELL, C.J., joins.

Today, the majority adopts, for the first time in Maryland history, an obscure English rule relating to when a particular age is reached. Specifically, the majority affirms the holding of the Court of Special Appeals that, "for the purpose of determining when the disability of infancy is removed within the meaning of § 5–201 [of the Courts and Judicial Proceedings Article], 'the disability is removed the day prior to the anniversary of the person's birth, and the limitations period expires the day prior to the anniversary of the person's birth,'" quoting *Mason v. Board of Education of Baltimore County,* 143 Md.App. 507, 508, 795 A.2d 211, 211 (2002).[1] As this holding defies the commonsense approach of the time computation statute enacted by the Maryland Legislature, and a Rule of this Court, both of which have been broadly applied by this Court until today, I respectfully dissent.

The general rule for the computation of time in Maryland is set forth in Maryland Rule 1–203 and in Article 1, § 36, of the Maryland Code (1957, 2001 Repl.Vol., 2002 Supp.).[2] Noting

---

under the age of 18 may continue after their eighteenth birthday but not beyond their twenty-first birthday").

**1.** Maryland Code (1998, 2002 Repl.Vol.), § 5–201(a) of the Courts and Judicial Proceedings Article states in part as follows:

"§ **5–201. Persons under a disability.**

"(a) Extension of time.—When a cause of action subject to a limitation ... accrues in favor of a minor ... that person shall file his action within the lesser of three years or the applicable period of limitations after the date the disability is removed."

**2.** Maryland Rule 1–203(a) provides in pertinent part (emphasis added):

"**Rule 1–203. Time.**

"(a) **Computation of time after an act, event, or default.** In computing any period of time prescribed by these rules, by rule or order of court, or by any applicable statute, *the day of the act, event, or default after which the designated period of time begins to run is not included.* If the period of time allowed is more than seven days,

that "[t]hese provisions represent a codification of the English common law," the majority explains the general rule as follows: " 'the day of the act, event, or default after which the designated period of time begins to run is not included' and '[t]he last day of the period so computed is included.' "

The majority cautions, however, that "[s]ince the Seventeenth Century . . . the common law has recognized an exception to this general rule." The majority explains the so-called "coming of age" exception as follows (emphasis added):

> intermediate Saturdays, Sundays, and holidays are counted; * * * *The last day of the period so computed is included* unless:
>
> (1) it is a Saturday, Sunday, or holiday, in which event the period runs until the end of the next day that is not a Saturday, Sunday, or holiday; or
>
> (2) the act to be done is the filing of a paper in court and the office of the clerk of that court on the last day of the period is not open, or is closed for a part of the day, in which event the period runs until the end of the next day that is not a Saturday, Sunday, holiday, or a day on which the office is not open during its regular hours."
>
> *See also* Rule 2–311 (2003) (addressing timely filings of pleadings and motions in the circuit court and stating that Rule 1–203 is the applicable rule for the computation of time); Rule 3–311 (2003) (addressing timely filings of pleadings and motions in the district court and advising that Rule 1–203 is the applicable rule for the computation of time); and Rule 6–106 (2003) (addressing the computation of time in the settlement of decedents' estates. The rule states, "[a]ny period of time prescribed by rule, order of court, or any applicable statute shall be computed in accordance with Rule 1–203").
>
> Article 1, § 36, dovetails with Rule 1–203. That section provides in relevant part (emphasis added):
>
> " § 36.  How computed.
>
> "In computing any period of time prescribed or allowed by any applicable statute, *the day of the act, event, or default, after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included* unless: (1) It is a Sunday or a legal holiday, in which event the period runs until the end of the next day, which is neither a Sunday or a holiday; or, (2) the act to be done is the filing of some paper in court and the office of the clerk of said court on said last day of the period is not open, or is closed for a part of a day, in which event, the period runs until the end of the next day which is neither a Sunday, Saturday, a legal holiday, or a day on which the said office is not open the entire day during ordinary business hours. When the period of time allowed is more than seven days, intermediate Sundays and holidays shall be considered as other days. . . ."

"In computing a person's age, the day upon which that person was born *is* included, and she therefore reaches her next year in age *at the first moment of the day prior to the anniversary date of her birth.*"

Under this coming of age exception, the petitioner became one year old on April 3, 1980. By extension, the majority reasons that Ms. Mason attained her year of majority on April 3, 1997, which was the day before her 18th birthday. Therefore, as § 5–201 required the petitioner to file her action "within . . . three years . . . after the date the disability was removed," the majority contends that "[u]nder our statutory method of computation, April 3, 1997, the date of removal of the disability, was not included in the three year period. *See* . . . Art. 1, § 36. Thus, the statute of limitations began to run on April 4, 1997 and ended April 3, 2000."

The majority's technique for calculating the end of the petitioner's tolling period shows the inconsistency in the majority's methodology. One the one hand, the majority begins by applying the coming of age common law exception, thus having the petitioner reach her age of majority on April 3, 1997. Later, however, when calculating the end of the tolling period, the majority reverts to the general statutory rule, excluding the day of the "event" (here, the removal of the disability) and including the last day of the period in question (here, the tolling period).

The majority then explains that, "[t]he coming of age rule is the product of a legal fiction, adopted by the law for the sake of expediency and *uniformity of interpretation, in the absence of contradictory statutory language.*" (Emphasis added.) Two significant points arise from this statement: First, it is rather doubtful that the adoption of an exception to a general rule, which is only applied in certain instances, will bring "uniformity." The majority concedes that there exist a vast number of instances in which the General Assembly has specifically abrogated the coming of age exception by statute.[3]

---

**3.** In addition to these instances in the Maryland Code, such invalidations may exist in the local codes for the twenty-four Maryland subdivi-

Given the numerous statutory exceptions to the common law exception, and the fact that a statutory general rule to the contrary exists, I do not know how the adoption of the common law coming of age exception will lead to "uniformity of interpretation." Rather, such a procedure for the calculation of age is certain to spawn confusion.[4]

Second, in Maryland, there exists clear statutory language adopting the general rule and not the coming of age exception. Although the majority acknowledges that Rule 1–203 and Art. 1, § 36, set forth a statutory general rule for the computation of time, the majority avoids discussing the effect of such a later enactment on a prior common law exception to a common law rule. I agree with the majority that "[t]his State adopted the common law of England in Article 5 of the Maryland Declaration of Rights."[5] Nevertheless, as the majority indi-

---

sions, as well as in the various municipal codes. Much will depend on the wording in the codes: if the code states "age of 18," the coming of age exception will apply, but if the code states "18th birthday," the statutory general rule applies.

4. For example, notwithstanding the general rule for the computation of time set forth in Art. 1, § 36, the majority opinion mandates that, unless the Legislature specifically excepts to the operation of the coming of age exception, then a person is old enough to purchase alcoholic beverages on the day prior to his or her 21st birthday and a person is subject to prosecution as an adult on the day before his or her 18th birthday. The potential reach of the majority opinion extends to such varied matters as: whether a minor will be subject to the jurisdiction of a juvenile court or a regular court of law; when a person may obtain a driver's license; when a person may purchase tobacco products or alcoholic beverages; who will choose the guardian of a minor; and in matters relating to trusts and estates, insurance, state pension benefits, etc.

5. Article 5(a) of the Maryland Declaration of Rights provides in pertinent part (emphasis added):

"**Article 5. Common law and statutes of England applicable; trial by jury; property derived under charter granted to Lord Baltimore.**

"(a) That the Inhabitants of Maryland are entitled to the Common Law of England ... and to the benefit of such of the English statutes as existed on the Fourth day of July, seventeen hundred and seventy-six; and which, by experience, have been found applicable to their local and other circumstances, and have been introduced, used and practiced by the Courts of Law or Equity; ... *subject, nevertheless, to*

cates, both the general rule and the coming of age exception stem from the English common law.

Furthermore, under Article 5 of the Declaration of Rights, the Legislature may "revis[e] . . . amend[ ] . . . or repeal" the common law, as it has chosen to do with respect to the computation of time in Art. 1, § 36. As this Court stated in *Denison v. Denison*, 35 Md. 361, 378 (1872), "[i]t is true the common law of England has been adopted by the people of this State, but only so far as it could be made to fit and adjust itself to our local circumstances and peculiar institutions." [6] In *Pope v. State*, 284 Md. 309, 341–342, 396 A.2d 1054, 1073 (1979), we explained:

"What this means is that the common law is subject to change.

\*     \*     \*

"It may be changed by legislative act as Art. 5 of the Declaration of Rights expressly provides. *See State v. Canova*, 278 Md. 483, 486, 365 A.2d 988 (1976); *Lutz v. State*, 167 Md. 12, 15, 172 A. 354 (1934); *Harrison v. State*, 22 Md. 468, 487–488 (1864); *Coomes v. Clements*, 4 H. & J. 480, 481. It may also be changed by judicial decision. Chase, C. J., in his opinion in *Buchanan*, observed: 'Whether particular parts of the common law are applicable to our local circumstances and situation, and our general code of laws and jurisprudence, is a question that comes within the province of the Courts of justice, and is to be decided by them.' 5 H. & J. at 365–366."

---

the revision of, and amendment or repeal by, the Legislature of this State."

**6.** We have repeated that statement on a number of occasions, *see, e.g., Gladden v. State*, 273 Md. 383, 389, 330 A.2d 176, 180 (1974); *McGraw v. State*, 234 Md. 273, 275–276, 199 A.2d 229, 230–231, *cert. denied*, 379 U.S. 862, 85 S.Ct. 124, 13 L.Ed.2d 64 (1964); *Lickle v. Boone*, 187 Md. 579, 582, 51 A.2d 162, 163 (1947); *State v. President of Bank*, 6 G. & J. 205, 225–226 (1834); *Dashiell v. Attorney General*, 5 H. & J. 392, 401 (1822); *State v. Buchanan*, 5 H. & J. 317, 358 (1821).

Thus, had the General Assembly not enacted Art. 1, § 36, and had this Court not promulgated Rule 1–203, this Court would still be at the liberty to adhere to the general common law rule, rather than the common law coming of age exception. In short, nothing mandates the result reached in the majority opinion.

The majority advances a mathematical reason for adopting the coming of age exception, that is, the "fiction" that a day has no fractions. Nonetheless, the statutory general rule no more recognizes fractions of days than does the majority's coming of age exception. Both methods deal in whole days; the only difference concerns the day on which counting begins. Thus, the parade of horribles suggested by the majority as a result of recognizing fractions of days, see *Parker v. State*, 61 Md.App. 35, 484 A.2d 1020 (1984), is inapplicable under either principle.[7]

Next, relying upon the "equitable justification for the coming of age rule," the majority claims that

"the rule is necessary to protect individuals who would be harmed by the law's refusal to recognize fractions of days. * * * By allowing a person to age on the day preceding the anniversary of [his or her] birth, it is ensured that the person will not lose part of [his or her] adulthood to a legal fiction."

In this case, however, application of the coming of age exception leads to an unfavorable result for the beneficiary of the statute to which the exception is being applied. In other words, unlike a statute of limitations which principally benefits the defendant by delimiting a definite period of time, a tolling statute is enacted solely for the benefit of the plaintiff. Application of the coming of age exception to the tolling statute would hinder the beneficial purpose of that statute. Even though the exception affects only one day in a three year

---

**7.** In *Parker v. State*, 61 Md.App. 35, 484 A.2d 1020 (1984), the defendant argued that the court lacked jurisdiction to try him as an adult because, even though he was convicted on his 18th birthday, his conviction came three hours before the time that he was born eighteen years earlier.

period, the effect is draconian: complete loss of the plaintiff's cause of action. Moreover, the tolling provisions at issue in the instant case should be viewed in tandem with provisions relating to the disability of a minor to sue in his or her own name.

In conclusion, the majority's approach in calculating the petitioner's tolling period harkens an often-quoted lament by Voltaire: "Common sense is not so common." I see little difference in a statute that is based on an individual reaching the "age of 18" and one based on an individual who has reached his or her "18th birthday," and I doubt that the vast majority of people would see any difference.

Chief Judge BELL joins this dissenting opinion.